459 So.2d 1172 (1984)
Shirley I. McHan and Burnice McHan, Her Husband, Appellants,
v.
Teresa Lynn HUGGINS, Appellee.
No. 83-1789.
District Court of Appeal of Florida, Fifth District.
December 6, 1984.
*1173 Deborah C. Edens of Maher, Overchuck, Langa & Lobb, Orlando, for appellants.
William A. Greenburg of Greenburg & Lester, and Robert Rodriguez, Fern Park, for appellee.
COBB, Chief Judge.
This is an appeal from an award of attorney fees pursuant to section 57.105, Florida Statutes (1983),[1] to appellee Teresa Lynn Huggins. The action commenced with a complaint filed below by the plaintiffs, Shirley and Burnice McHan, alleging that Huggins was the owner of a vehicle loaned to Susan W. Mulleady. Mulleady allegedly negligently operated the vehicle, resulting in a collision with the McHans.
The appellants determined that Huggins had an interest in the automobile based upon the police accident report taken at the time of the collision. The report listed Huggins as the owner of the vehicle, which was identified in the report as a 1976 Chevrolet, Florida tag number WSW-134, with vehicle identification number 1H57H4D438146. On April 8, 1983, McHan's attorney, John Overchuck, wrote a letter to the Department of Highway Safety and Motor Vehicles, and in response received a letter stating that vehicle number 1H57H4D438146 was not titled in the State of Florida; the Department did indicate, however, that vehicle number 1H57H4D438140 covered a 1974 Chevrolet with the same license plate number as the automobile in the accident. This letter did not identify the owner of the titled 1974 Chevrolet. The McHans then filed suit against Huggins without a follow-up inquiry to the Department.
On September 12, 1983, Huggins' attorney telephoned the McHans' counsel and informed him that Huggins did not have any interest in the automobile. Huggins filed an answer on September 16, 1983, in which she denied any legal or equitable interest in the automobile, and also moved for summary judgment with a supporting affidavit of that denial.
Because of the confusion in regard to the issue of ownership, the plaintiffs took the deposition of Huggins on October 6, 1983. She testified that a relative of hers owned the vehicle and that she had been using the car for an extended period of time. On October 13, 1983, the appellants filed a motion to drop Huggins as a party to the suit. On October 17, 1983, Huggins filed a motion for attorney fees, alleging that the suit brought against her was frivolous and failed to raise justiciable issues of either law or fact. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); Allen v. Estate of Dutton, 394 So.2d 132 (Fla. 5th DCA 1980), review denied, 402 So.2d 609 (Fla. 1981).
The trial court granted the motion for attorney fees at a subsequent hearing, and entered an order with the following findings:
1. The letter of the Department of Highway Safety and Motor Vehicles dated April 15, 1983 to Plaintiffs' counsel, John Overchuck, in response to the latter's letter of April 8, 1983, contained therein matters which served to negate Plaintiffs' reliance upon the information contained in the accident report regarding ownership of the vehicle, though the Court makes no specific finding as to the propriety of such reliance in the absence of the letter of the Department of Highway Safety and Motor Vehicles.
2. The response of the Department of Highway Safety and Motor Vehicles was such as to require Plaintiff or Plaintiffs' counsel to make further inquiry as to the ownership of the vehicle involved in the accident that is the subject matter of this action.
3. The Court specifically finds that such further inquiry is necessary before an owner of a vehicle ought to be subjected *1174 to vicarious liability for the negligence of one operating the vehicle with his consent and permission.
The parties stipulated that a reasonable fee for the services of Huggins' counsel would be $300.00 and the court entered an award in this amount. This appeal followed.
We reverse. Contrary to the trial court's first finding above, there was nothing in the letter from the Department of Highway Safety and Motor Vehicles that negated the accident report's identification of Teresa Lynn Huggins as the owner of the vehicle driven by Susan Mulleady. The letter was inconclusive and named no owner of the automobile involved.
The trial court apparently felt that the response from the Department should have prompted Attorney Overchuck to make further inquiry to them about the ownership of the 1974 Chevrolet with I.D. Number 1H57H4D38140 prior to filing suit against Huggins. The fallacy in this reasoning is that Huggins' own deposition establishes her as the bailee who would be liable for the negligent operation of the automobile by her permittee, Mulleady, to whom she entrusted its operation. Susco Car Rental System v. Leonard, 112 So.2d 832 (Fla. 1959); Martin v. Lloyd Motor Co., 119 So.2d 413 (Fla. 1st DCA 1960). The fact that Huggins was voluntarily dismissed from the suit by the appellants does not mean that it was frivolous to join her in the first place. Nor does her designation as an owner rather than a bailee make her joinder as a defendant frivolous.
Even if Huggins were not liable as a bailee who entrusted the car to the driver, we would not impose a punitive attorney fee award against the plaintiffs under the facts of this case. Huggins was present as a passenger in the car at the time of the accident, she was apparently identified by someone at the scene to the investigating officer as the owner of the Chevrolet, and there was no contrary information in possession of counsel for the McHans at the time suit was filed. Reasonable efforts to ascertain parties and issues prior to trial are required, but absolute verification often is impractical or impossible. See Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983).
REVERSED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] Section 57.105, Florida Statutes (1983), provides:

Attorney's Fee.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.