469 So.2d 837 (1985)
Dick PARRINO, et al, Appellants,
v.
John L. AYERS, Appellee.
No. 84-437.
District Court of Appeal of Florida, Fifth District.
May 2, 1985.
Rehearing Denied June 3, 1985.
Frank McClung, Brooksville, for appellants.
Joseph M. Mason, Jr., of McGee & Mason, P.A., Brooksville, for appellee.
COWART, Judge.
This case involves an award of attorney's fees under section 57.105, Florida Statutes.
In January, 1978, an attorney for appellee Ayers wrote a letter to one of the *838 appellants, Dick Parrino, complaining that the Parrinos' fence encroached "on his [Ayers'] property." In May, 1982, the Parrinos' fence was knocked down and a new one put up on property allegedly belonging to the Parrinos. In that same month, the Parrinos' attorney wrote a letter to Ayers stating that he had been retained to sue for ejectment and damages if the fence "you or your agents" erected on the Parrinos' land was not removed within ten days. Receiving no reply, the Parrinos filed, on June 8, 1982, an action for ejectment and trespass against Ayers. The Parrinos took Ayers' deposition and learned that in December, 1976, Ayers had transferred to his nephews title to the property adjoining the Parrinos'. The trial court granted Ayers' motion for summary judgment and upon his motion for attorney's fees under section 57.105, Florida Statutes, awarded Ayers attorney's fees of $2,000.
On appeal, the Parrinos claim section 57.105, Florida Statutes, authorizes attorney's fees only if there was a complete absence of a justiciable issue of either law or fact raised by their action and that the 1978 letter from Ayers' attorney referring to the Parrinos' fence as being "on his [Ayers'] property" justified the Parrinos' 1982 action for ejectment and trespass against Ayers. We cannot agree.
The Parrinos had no cause of action against Ayers unless Ayers or his agents trespassed on, or had actually wrongfully dispossessed the Parrinos of some of their land. The Parrinos had no witness that Ayers had trespassed on their land or that Ayers was in actual possession of the Parrinos' lands and merely assumed that fact because over four years earlier Ayers had asserted ownership of the adjoining land. This is a different case than where one relies in good faith on a mistaken witness as in Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983), or where plaintiff relies on a fact mistakenly set forth in a police report and makes a reasonable, albeit insufficient, effort to ascertain the true ownership of a motor vehicle, as in McHan v. Huggins, 459 So.2d 1172 (Fla. 5th DCA 1984). The owner of a motor vehicle may be vicariously liable for damages caused by the motor vehicle based solely on his ownership of it but a landowner is not vicariously liable for a trespass on, or a wrongful dispossession of, adjoining lands unless those acts were committed by such landowner or his agents. Evidence is essential to establish the facts alleged as the basis for the two causes of action in this case. From the record of this case it appears that the Parrinos relied on no evidence in filing this action against Ayers claiming that Ayers had trespassed on, and dispossessed the Parrinos of their property and the Parrinos were not justified in assuming those essential facts merely from Ayers' assertion, four years previously, of the ownership of adjoining property.
AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.