COWART, Judge,
dissenting.
This medical malpractice case had been pending over one and one-half years when, pursuant to court order, the plaintiffs provided a list of expert witnesses they intended to use at trial. After providing a list of fifty-six expert witnesses “to be used at trial,” the plaintiffs could not produce the testimony of even one expert witness to oppose the affidavits supporting the doctor’s motion for summary judgment. Every lawyer knows, or should know, that a medical malpractice claim cannot be maintained unless it is supported by expert medical testimony that the defendant doctor deviated from the standard of medical care in the community. Lawsuits are serious matters and should not be filed unless and until the plaintiffs’ attorney knows the claims therein are based on available and admissible evidence.[1] The bar may not consider the filing of an action to be frivolous “merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery.” [2] However, the public certainly believes that a law action without a sure basis in fact is not justified and should be “thrown out of court.” A law action without factual support sufficient to survive a summary judgment lacks substantive merit and should not be maintained. The trial court did not abuse its discretion in refusing to permit the plaintiffs to enlarge their expert witness list — a year and a half and fifty-six expert witnesses are enough! The summary judgment should be affirmed.

. See the comment to Rule 4-3.1, Rules Regulating The Florida Bar, effective January 1, 1987 {The Florida Bar re: Rules Regulating The Florida Bar, 494 So.2d 977 (Fla.1986)).

. See e.g. Parrino v. Ayers, 469 So.2d 837 (Fla. 5th DCA 1985), rev. denied, 479 So.2d 118 (Fla. 1985).