SMITH, Judge.
The Department of Health and Rehabilitative Services appeals an order making the Department and John Mathers, Child Protective Investigator, jointly and severally liable for attorney fees awarded to the parents, in this dependency proceeding, *885 pursuant to section 57.105, Florida Statutes (1989). We reverse.
The Department initiated a dependency petition based upon allegations that the children were permitted to live in an environment where sexual abuse could occur, under circumstances in which sexual abuse had occurred in the past, and that the parents’ home was found to be in a deplorable condition on home visits. Ultimately, the court declared one child dependent based upon the parents’ stipulation to that effect, and returned the other two children to their parents.
Before attorney’s fees are award-able under section 57.105(1), the suit must be so clearly devoid of merit both on the facts and the law as to be completely untenable. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 505 (Fla.1982). “[T]he frivolousness of a claim or a defense is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not subject the losing party to attorney’s fees.” Schwartz v. W-K Partners, 530 So.2d 456, 457 (Fla. 5th DCA 1988). While section 57.105 requires the plaintiff and his attorney to make a reasonable effort to investigate the claims before filing suit, absolute verification is often impractical. See McHan v. Huggins, 459 So.2d 1172 (Fla. 5th DCA 1984).
Nothing in the record on appeal demonstrates that the material allegations in the dependency petition are untrue, that they were known to be untrue by the Department or Mathers, or that the Department and Mathers failed to properly investigate before filing this dependency petition. Because justiciable issues existed at the time the petition was filed, the award of fees under section 57.105 cannot be sustained.
REVERSED.
NIMMONS and MINER, JJ., concur.