PER CURIAM.
Virginia Ward appeals an adverse summary judgment determining ownership of real property situated in Marathon, Florida. We reverse.
The Florida Department of Transportation brought an action to determine title to a portion of a parcel of real property owned by Ward. The Department contended that a portion of the right-of-way of old State Road 4A was situated on a portion of the parcel in question. The Department asserted that under section 95.361, Florida Statutes (1989), and its predecessors, title to the right-of-way had vested in the Department. The parties filed cross-motions for summary judgment and the trial court entered judgment in favor of the Department. This appeal ensued.
The Department concedes, as it must, that the beginning point for analysis is the tax deed received by Ward’s predecessor in title in 1937. Under well established principles, the Department cannot question the -validity of that deed. See Trustees of Internal Improvement Fund v. Bass, 67 So.2d 433 (Fla.1953); Daniell v. Sherrill, 48 So.2d 736 (Fla.1950). Accordingly, the status of the right-of-way prior to the tax deed is not pertinent for the present analysis.
The parties also agree that by 1940 Ward’s predecessor in title had erected gas pumps and other facilities on the land which the Department contends is part of the State Road 4A right-of-way. Under the road dedication statute, title would vest in the Department only “to the extent in width that has been actually maintained for the prescribed [four year] period....” § 95.361(1), Flá.Stat. (1989). In order for the Department to claim the benefits of the statute, it would have to establish that for a four year period subsequent to the 1937 tax deed, it maintained the right-of-way now in question. It is undisputed, however, that less than four years after the date of the tax deed, Ward’s predecessor in title had erected fuel pumps and other improvements on what the Department contends was right-of-way.* There is no evidence at all of any actual maintenance of the disputed property by the Department after the erection of the improvements by Ward’s predecessor in title in 1940. Thus, *27 assuming arguendo that there was some evidence of actual maintenance in the period between the issuance of the 1937 tax deed and the erection of the improvements, such activities for a period of less than four years do not suffice under the statute.
The Department argues that after the improvements were erected, it no longer needed to maintain the property at issue here because Ward’s predecessor in title was doing so. That argument runs counter to the plain words of the statute. Absent the required four years of actual maintenance, title did not vest in the Department.
Accordingly, we reverse the summary judgment in favor of the Department and remand with directions to enter summary judgment in favor of Ward.

 The gas pumps were located in front of a store operated by Ward’s predecessor in title, and now by Ward. The store itself is located on land that the Department does not claim.