SHEVIN, Judge.
State of Florida, Department of Transportation [DOT] appeals an order awarding attorney’s fees to Edmund James pursuant to *887 section 57.105(1), Florida Statutes (1993). We affirm.
In 1992, DOT sent a letter to James’ predecessor-in-interest stating that a wall surrounding the predecessor’s property encroached upon DOT’s Old State Road 4-A right-of-way. James conducted a title examination, disputed DOT’s ownership, and made available to DOT an abstract showing an uninterrupted chain of title to the property from his predecessors-in-interest. For two years, DOT and James were unable to resolve the ownership issue.
In 1994, James filed an amended complaint to quiet title alleging his ownership pursuant to a 1937 Special Master’s Tax Deed. He attached an abstract of the property to the complaint. In response, DOT denied James’ ownership and raised the affirmative defense of ownership based on section 95.361, Florida Statutes (1993).[1] During the February 1995 deposition of DOT’s expert, DOT stipulated that the 1937 tax deed had conveyed the property at issue to James’ predecessor-in-interest. Shortly thereafter, DOT executed a quit claim deed in favor of James.
James sought attorney’s fees pursuant to section 57.105(1) contending that DOT was aware that the State had conveyed its interest in the 1937 tax deed and that it could not prove compliance with section 95.361. In response, DOT argued that justiciable issues existed whether the tax deed conveyed the property due to a confusing legal description and whether DOT held title pursuant to section 95.361. The trial court awarded James section 57.105(1) fees.
In Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla.1982), receded from in part on other grounds Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), the Supreme Court stated:
The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney’s fees awards on losing parties who engage in these activities. Such frivolous litigation constitutes a waste of judicial resources as well as the time and money of prevailing litigants.
Whitten, 410 So.2d at 505. (emphasis added). Section 57.105(1), states, in relevant part, that “[t]he court shall award a reasonable attorney’s fee to be paid to the prevailing party ... in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the ... defense of the losing party[.]” Thus, the defense must be “so clearly devoid of merit both on the facts and the law as to be completely untenable.” Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla.1987). As the record shows, the trial court correctly ruled that “there was a complete absence of a justiciable issue of either law or fact raised by the Defendant’s [DOT] defense to this action at the time the Defendant raised its defense and at all times thereafter.”
DOT had a duty to make a good faith, reasonable effort to determine whether the property was conveyed to James’ predecessor-in-interest pursuant to the 1937 tax deed before raising a defense based on section 95.361. See Ensign Bank, F.S.B. v. South Florida Warehousing II, 582 So.2d 165 (Fla. 4th DCA 1991); L.L. v. Zipperer, 484 So.2d 92 (Fla. 5th DCA 1986); Parrino v. Ayers, 469 So.2d 837 (Fla. 5th DCA), review denied, 479 So.2d 118 (Fla.1985); McHan v. Huggins, 459 So.2d 1172 (Fla. 5th DCA 1984); Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981). See also Mitchell v. Schindler Haughton Elevator Co., 587 So.2d 636 (Fla. 3d DCA 1991); Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988).
*888 DOT could have easily dispelled the alleged confusion as to the property’s legal description by reviewing the public records and consulting with its expert and attorneys. DOT’s expert was a 17-year DOT employee, and his deposition reveals that he was well-acquainted with the surveys and legal descriptions of the properties adjoining Old State Road 4-A. In addition, DOT and its counsel were familiar with the property; DOT had been involved in litigation of titles involving the 1937 tax deed to other Old State Road 4-A properties near the property at issue. Ward v. State, Dep’t of Transp., 584 So.2d 25 (Fla. 3d DCA 1991); Moretti v. State, Dep’t of Transp., 592 So.2d 790 (Fla. 3d DCA 1992). Thus, DOT could have discerned from that information that the tax deed conveyed the property in 1937. That property conveyance rendered DOT’s assertions of ownership pursuant to section 95.361 “completely untenable”: DOT concedes that it could not prove the statutory requisites if the tax deed conveyed the property. See Ward, 584 So.2d at 25; Moretti, 592 So.2d at 790. “In certain schools of litigation, ‘stonewalling’ is considered better than no defense at all; but the Florida Legislature, in exercise of its authority and wisdom, has, by the enactment of Section 57.105(1), decided to place a pricetag upon such unwarranted litigation.” Hernandez v. Leiva, 391 So.2d 292, 293 (Fla. 3d DCA 1980) (citation omitted). Accordingly, we affirm the order.
Affirmed.

. Section 95.361(l)(c) states:
(1) When a road, constructed by ... the Department of Transportation, has been maintained or repaired continuously and uninterruptedly for 4 years by ... the Department of Transportation, ... the road shall be deemed to be dedicated to the public to the extent in width that has been actually maintained for the prescribed period, whether or not the road has been formally established as a public highway. The dedication shall vest all right, title, easement, and appurtenances in and to the road in:
[[Image here]]
(c) The state, if it is a road in the State Highway System or State Park Road System, whether or not there is a record of a conveyance, dedication, or appropriation to the public use.