530 So.2d 456 (1988)
Ronald N. SCHWARTZ, Appellant,
v.
W-K PARTNERS, et al., Appellees.
No. 87-1846.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
W.C. Airth, Jr. of Fowler, Williams & Airth P.A., Orlando, for appellant.
R.L. Russell of Russell & Hull, P.A., Orlando, for appellees Kalidas and W-K Partners.
No appearance for appellee Larry E. Williams.
DANIEL, Judge.
Ronald Schwartz appeals a final judgment in favor of W-K Partners and Vinad Kalidas in an action for breach of contract and a final judgment awarding attorney's fees to Larry Williams following his dismissal from the action. We affirm the final judgment in favor of W-K Partners and Kalidas but reverse the final judgment awarding attorney's fees and remand for further proceedings.
The record reflects that W-K Partners agreed to sell Schwartz a professional office building. Schwartz later filed suit against W-K Partners, Kalidas and Williams for anticipatory breach of the contract. Schwartz alleged that Kalidas and *457 Williams were engaged in business as a partnership under the name of W-K Partners. In his answer, Williams denied that he was partners with Kalidas and denied the other relevant allegations of the complaint. In his answer, Kalidas admitted that he and Williams were partners and denied the remaining relevant allegations.
At trial, Kalidas testified that Larry Williams was the other general partner of W-K Partners. However, counsel pointed out to Kalidas that the W-K Partnership Agreement was actually between Kalidas and Zane Enterprises.[1] Williams was dismissed as a defendant and was later awarded attorney's fees. After the jury returned a verdict finding no breach of contract, a final judgment in favor of W-K Partners and Kalidas was entered.
On appeal, Schwartz contends that the trial court erred in denying his motion for a new trial. We find no merit to this argument. See County of Volusia v. Niles, 445 So.2d 1043 (Fla. 5th DCA 1984).
Schwartz also contends that the trial court erred in awarding attorney's fees to Williams. Williams moved for attorney's fees pursuant to the contract for sale and purchase which contained the following provision:
Attorney fees and costs: in connection with any litigation including appellate proceedings arising out of this Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs.
Although this paragraph merely provides for fees to the "prevailing party" and does not specifically refer to "buyer" or "seller" as in other provisions in the contract, the contract lists W-K Partners General Partnership and Ronald Schwartz as the "parties". Since Williams was not a party to the contract, he cannot rely on this provision as the basis for the award of attorney's fees.
Williams, however, also moved for attorney's fees under section 57.105. At the time the suit was filed in 1985, this section provided as follows:
Attorney's fee  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
The purpose of section 57.105 is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorney's fee awards on losing parties who engage in these activities. Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501 (Fla. 1982). To justify an award under section 57.105, the trial court must find that the action is frivolous, that is, that the action is so devoid of merit both on the facts and the law as to be completely untenable. Whitten; Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). Merely losing, either on the pleadings or by summary judgment is not enough to invoke the operation of the statute. Allen, 384 So.2d at 175. The courts have also held that a plaintiff whose claim is nonfrivolous at its inception should not be assessed attorney's fees under section 57.105, even though at some point in the course of litigation it becomes apparent that there no longer remains any justiciable issue of law or fact. In other words, the frivolousness of a claim or a defense is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not subject the losing party to attorney's fees. See Klein v. Layne, Inc. of Florida, 453 So.2d 203 (Fla. 4th DCA 1984); Sepner v. Village of Royal Palm Beach, 444 So.2d 68 (Fla. 4th DCA 1984). See also Greater Clearwater Chamber of Commerce, Inc. v. Modern Graphic Arts, Inc., 464 So.2d 594 (Fla. 2d DCA 1985).
In Parrino v. Ayers, 469 So.2d 837 (Fla. 5th DCA 1985), Ayers was awarded attorney's fees under section 57.105 after summary judgment was entered in his favor. The Parrinos had filed suit in 1982 against Ayers for ejectment and trespass, alleging *458 that Ayers' fence encroached on their property. Ayers' deposition, however, showed that he had transferred the property in question to his nephew in 1976. This court affirmed the award of attorney's fees to Ayers and rejected the Parrinos' argument that their action against Ayers was justified because they had received a letter in 1978 from Ayers' attorney which referred to the property as being Ayers' property. This court held that the Parrinos' mistaken assumption did not relieve them from the operation of section 57.105 and distinguished the case from McHan v. Huggins, 459 So.2d 1172 (Fla. 5th DCA 1984). In McHan, the plaintiff in a personal injury action had relied on a fact mistakenly set forth in a police report and had made a reasonable, although insufficient, effort to ascertain the true ownership of a motor vehicle. This court noted that reasonable efforts to ascertain parties and issues prior to trial are required but absolute verification is often impractical or impossible.
In the present case, the final judgment does not state the basis for the award of attorney's fees. Since Williams was not a party to the contract and cannot take advantage of the attorney fee provision in the contract, the award of attorney's fee is sustainable only under section 57.105. Schwartz argues that naming Williams as a defendant was justified because Kalidas in his answer and at trial stated that Williams was his partner. Williams also filed an answer denying that he was a partner but did not move to dismiss until the day of the trial. On the other hand, the partnership agreement clearly identifies the partners as Kalidas and Zane Enterprises. It is not clear whether a reasonably diligent search prior to filing the suit would have revealed this fact.
In entering an award under section 57.105, the trial court must make a finding that there was a complete absence of a justiciable issue raised by the losing party. See Fox v. Loeffler, 434 So.2d 2 (Fla. 4th DCA 1983); Apgar and Markham Construction of Florida, Inc., v. MacAsphalt, Inc., 424 So.2d 41 (Fla. 2d DCA 1982). Since the final judgment does not contain such a finding, we reverse the award of attorney's fees and remand to the trial court with directions to make an appropriate finding based on the record as to whether there was any justiciable issue of either law or fact raised by Schwartz in this case. Should the trial court expressly find that no such issue existed, it may reassess the same attorney's fees without the need of taking further evidence.
Final judgment in favor of W-K Partners and Kalidas AFFIRMED; final judgment awarding attorney's fees to Williams REVERSED and REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.
NOTES
[1] Williams was the owner and president of Zane Enterprises.