573 So.2d 54 (1990)
Roxanna G. LAMBERT, the Department of Health and Rehabilitative Services, Appellants,
v.
Rickie NELSON, Appellee.
No. 89-2669.
District Court of Appeal of Florida, First District.
December 26, 1990.
*55 Joseph R. Boyd and William H. Branch, of Boyd & Branch, P.A., and Chriss Walker, of Dept. of Health and Rehabilitative Services, Tallahassee, for appellants.
Walter A. Steigleman, of Walter Steigleman, P.A., Fort Walton Beach, for appellee.
ERVIN, Judge.
Appellants, Roxanna G. Lambert and the Department of Health and Rehabilitative Services (HRS), seek review of a final order directing them to pay appellee, Rickie Nelson, a reasonable attorney's fee pursuant to Section 57.105(1), Florida Statutes (Supp. 1988).[1] Appellants contend that the award, which was based upon a finding that the litigation was "precipitous," is erroneous, because section 57.105 does not contemplate attorney's fee awards for "precipitous litigation," but rather authorizes such awards only when the litigation lacks any justiciable issue. We agree that section 57.105 does not authorize awards solely for precipitous litigation, and, because a justiciable issue did exist at the time the litigation at bar was instituted, we reverse the attorney's fee award.
This action was commenced on April 4, 1990, when appellants filed a complaint to determine paternity and establish a support obligation against appellee, alleging that appellee was the father of appellant Lambert's child. Appellee filed a motion to dismiss, alleging that prior to the commencement of the litigation against him, the appellants had informed him that at least one other individual might be the child's father. Appellee requested the court either to dismiss the complaint for its failure to join an indispensable party  the other putative father, Mike Clements  or, in the alternative, to consolidate the suits filed against both appellee and Clements. The two suits were subsequently consolidated, but then voluntarily dismissed at the request of appellant Lambert.
*56 Prior to dismissal, appellee filed a motion for attorney's fees pursuant to section 57.105.[2] In his motion, appellee alleged that before suit was filed against him, he had signed a stipulation for HLA testing, which had been scheduled in March 1990 to be performed on May 9, 1990. Moreover, a similar test had been scheduled for Clements. Both tests were canceled at HRS's request. Appellee therefore alleged that the suit filed against him was premature, precipitous, and unnecessary, because he had fully cooperated with HRS and had agreed to take the test. Thereafter the trial court, based upon a finding that the suit constituted precipitous litigation under Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982), entered an order awarding appellee attorney's fees under section 57.105.
The clear language of section 57.105(1) requires, "As a prerequisite to an award of attorney's fees[,] ... the court must find `a complete absence of a justiciable issue of either law or fact raised by the losing party.'" Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501, 505 (Fla. 1982). Total or absolute lack of a justiciable issue is tantamount to a finding that the action is frivolous; that is, the suit must be so clearly devoid of merit both on the facts and the law as to be completely untenable. Id. Moreover, dismissal of a suit does not necessarily justify an attorney's fee award if the suit can be considered to have been non-frivolous at its inception. "[T]he frivolousness of a claim or a defense is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not subject the losing party to attorney's fees." Schwartz v. W-K Partners, 530 So.2d 456, 457 (Fla. 5th DCA 1988). See also Schatz v. Wenaas, 510 So.2d 1125 (Fla. 2d DCA 1987) (attorney's fee award was not warranted upon facts showing that Schatz, the putative father named in a paternity suit, filed third-party suit against another man he alleged was the child's father, and then dismissed that suit when test results showed that the other man was not the child's father and a 99.8 percent probability existed that Schatz was); Wall v. Department of Transp. of the State of Fla., 455 So.2d 1138 (Fla. 2d DCA 1984) (action dismissed against Sarasota County following discovery; however, attorney's fee award was reversed, because the claim was neither completely untenable nor devoid of arguable substance so as to make it a proper case in which to apply section 57.105); Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983) (trial court awarded summary judgment to defendants in defamation action after key witness's deposition revealed that the named defendant did not make the defamatory statement; however, the attorney's fee award was reversed, because the claim did not initially appear baseless).
In the case at bar, although technically the suit against appellee should have been made part of the suit against Clements, the fact remains that at the time the action against appellee was filed, a genuine controversy existed regarding the identity of the child's father, based upon the mother's affidavit naming appellee the father. Because a justiciable issue then existed, an award under section 57.105 was not justified.
We also disagree with the trial court's determination that the fee awarded was justified because the suit constituted precipitous litigation. Although isolated language in this court's opinion in Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982), may suggest that section 57.105 authorizes attorney fee awards for precipitous litigation,[3] the actual basis for the award which was affirmed in Castaway Lounge was "`a *57 complete absence of a justiciable issue of either law or fact raised by the defendant at each stage of the litigation.'" Id. at 284. Accordingly, any statements in Castaway Lounge implying that attorney's fees may be authorized under section 57.105 based solely upon a finding of precipitous litigation are purely obiter dicta. Indeed, we are of the view that because the Castaway Lounge court used the word "unwarranted" to modify the term "precipitous litigation," the court must have considered both terms in conjunction with one another. Thus, if, for example, one causes precipitous, unwarranted litigation  that is, without a justiciable issue of law or fact  to be filed, such person may be subjected to the assessment of a frivolous fee award.
We therefore reject any argument that Castaway Lounge provides a signal that precipitous litigation, when based upon justiciable issues of law or fact when filed, furnishes a ground for fees pursuant to section 57.105.
REVERSED.
WIGGINTON and MINER, JJ., concur.
NOTES
[1] Section 57.105(1) is the frivolous attorney's fee statute.
[2] When the suit against Nelson was dismissed, the parties stipulated that the court would retain jurisdiction to consider the motion for attorney's fees.
[3] In regard to section 57.105, this court wrote:

It is conceivable that the statute could be viewed as providing a deterrent to unwarranted, precipitous litigation, undertaken by a complaining party without reasonable notice or demand to the offending party, or without consideration of reasonable alternatives to litigation, where the circumstances would permit these steps without risk of loss or disadvantage to the complaining party.
Castaway Lounge, 411 So.2d at 285 (emphasis added) (footnote omitted).