687 So.2d 954 (1997)
PLAYTIME OF BREVARD, INC., Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF BREVARD COUNTY, FLORIDA, et al, Appellee.
No. 96-461.
District Court of Appeal of Florida, Fifth District.
February 14, 1997.
*955 Richard E. Torpy of Frese, Nash & Torpy, P.A., Melbourne, for Appellant.
Shannon L. Wilson, Brevard Assistant County Attorney, Viera, for Appellee.
THOMPSON, Judge.
Playtime of Brevard, Inc. ("Playtime"), appeals the final order denying Playtime's Motion for Attorney's Fees from the Board of County Commissioners of Brevard County ("County") under section 57.105, Florida Statutes (1993). We affirm.
Playtime petitioned Brevard County for a license to operate an adult entertainment establishment pursuant to Brevard County Ordinance 89-19, section 14-142. The ordinance provided that the application was to be approved or denied within 90 days, with notice of the decision to the applicant by certified mail. When no action was taken on Playtime's application, Playtime filed a civil suit seeking declaratory relief, a writ of mandamus, and a motion for temporary injunction. The trial court dismissed the suit for declaratory relief and denied the motion for injunctive relief. However, the court issued an alternative writ of mandamus commanding the County Planning and Development Service Department either to issue a license to Playtime or to file defenses in the court within 20 days. After motions were filed by the County, the trial court ordered the County to immediately issue a license to Playtime.
After the trial court denied the County's motion for rehearing, Playtime moved for attorney's fees, arguing the County raised no justiciable issue of law or fact as to its failure to act on Playtime's application within the prescribed 90 days. The court denied the motion and Playtime appealed.
Subsection 57.105(1), Florida Statutes (1995), authorizing awards of attorney's fees for frivolous claims or defenses, provides in pertinent part:
The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party....
A claim or defense is frivolous only if, at the time it is presented, it "is so clearly devoid of merit both on the facts and the law as to be completely untenable." Allen v. Estate of Dutton, 384 So.2d 171, 175 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla.1980). Accord, Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988). In the instant case, the County successfully defended against Playtime's claims for declaratory and injunctive relief. Although the appellate record does not reflect the nature of the County's defenses, the fact that the trial court ruled in the County's favor indicates that the defenses had merit when they were presented.
AFFIRMED.
PETERSON, C.J., and ANTOON, J., concur.