WEBSTER, J.
Appellant (the former husband) seeks review of an order directing him to pay $1,500.00 in fees for the services of appel-lee’s (the former wife’s) attorney pursuant to section 57.105(1), Florida Statutes (1997), based upon a finding that the former husband’s complaint to establish, and then to modify, a foreign judgment awarding child support presented no justiciable issue of either law or fact. Because we conclude that the record will not support such a finding, we reverse.
The former husband filed a complaint by which he sought to domesticate an Alabama judgment setting the amount of child support to be paid by the former wife, and then to increase the amount. The former wife responded with an answer and counter-complaint by which she, too, expressly requested that the Alabama judgment be domesticated, and that her child support obligation be determined by reference to Florida’s statutory child support guidelines. Following a hearing, the trial court denied the former husband’s complaint in its entirety, and ultimately ordered that he pay $1,500.00 for the services of the former wife’s attorney, finding that no justiciable issue of either law or fact had been presented by the complaint.
Notwithstanding the trial court’s finding to the contrary, it is apparent from the record that justiciable issues did exist. In the first place, the former husband was clearly entitled to seek domestication (or registration) of the Alabama judgment in Florida pursuant to chapter 88, Florida Statutes (1997). Moreover, when the complaint was filed, justiciable issues of fact existed regarding changes in the former wife’s income resulting from her move to Florida, her marriage and her employment in a family-owned business. No reasonable person could find that the complaint was so devoid of justiciable issues of either law or fact when it was filed “as to be completely untenable,” or “frivolous.” Lambert v. Nelson, 573 So.2d 54, 56 (Fla. 1st DCA 1990). Accordingly, we hold that the trial court’s decision to the contrary constituted an abuse of discretion. The order directing the former husband to pay $1,500.00 for the services of the former wife’s attorney is reversed.
REVERSED.
KAHN and VAN NORTWICK, JJ., CONCUR.