VAN NORTWICK, J.,
dissenting.
Because I cannot agree that the trial court abused its discretion in denying an award of attorney’s fees to the appellant pursuant to section 57.105, Florida Statutes (1997), I respectfully dissent.
In reviewing a trial court’s ruling on an award of attorney’s fees under section 57.105(1), we are obligated to apply an abuse of discretion standard of review. See Department of Health v. Curry, 722 So.2d 874, 879 (Fla. 1st DCA 1998), rev. denied, 735 So.2d 1284 (Fla.1999); see also Department of Transp. v. Kisinger Campo & Assocs., Corp., 661 So.2d 58 (Fla. 2d DCA 1995). Where reasonable people could differ as to the trial court’s decision, there is no abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).
Section 57.105(1), Florida Statutes (1997), provides, in pertinent part, as follows:
The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney in any civil action in which the court finds that there was a complete absence of a *116 justiciable issue of either law or fact raised by the complaint ... of the losing party; ...
As a prerequisite to an award of attorney’s fees under the version of section 57.105 applicable here,[1] the trial court must find that there was a complete absence of a justiciable issue of law or fact raised by the losing party. See Lambert v. Nelson, 573 So.2d 54, 56 (Fla. 1st DCA 1990); State, Dep’t of Revenue ex rel. Skalniak v. Dey, 737 So.2d 635, 636 (Fla. 1st DCA 1999). The entire action must be so clearly devoid of merit both on the facts and the law as to be completely untenable. See Demby v. English, 667 So.2d 350, 353 (Fla. 1st DCA 1995); Lambert, 573 So.2d at 56. Even if a substantial portion of the complaint is frivolous, an award of attorney’s fees is not appropriate so long as the complaint alleges some justiciable issues. See Muckenfuss v. Deltona Corp., 508 So.2d 340, 341 (Fla.1987); Boyce v. Cluett, 672 So.2d 858, 861 (Fla. 4th DCA 1996). Moreover, if an action can be considered to have been non-frivolous at its inception, subsequent dismissal of the action or subsequent developments which render the claim without justiciable issues in law or fact does not subject the losing party to attorney’s fees. See Lambert, 573 So.2d at 56; Schwartz v. W-K Partners, 530 So.2d 456, 457 (Fla. 5th DCA 1988); Inc. v. Party Prods., II, Inc., 738 So.2d 515, 516 (Fla. 3d DCA 1999).
In the instant action, the complaint filed by the appellee against both Stanley M. Davis and the appellant sought damages for the embezzled funds, the imposition of a constructive trust on any proceeds of the alleged embezzlement and any property acquired or maintained through the use of embezzled funds, and an injunction to prevent the Davises from disposing of or encumbering any assets purchased by the proceeds of Mr. Davis’ alleged embezzlement. Following a hearing at which the appellant was represented, the trial court granted an injunction against both Mr. Davis and appellant which maintained the status quo by, among other things, prohibiting the transfer or sale of the marital home or any jointly-owned furniture, jewelry, and fixtures in the marital home. At that time, the marital home and the jointly-owned property were in the sole possession of appellant. Although the appellant now argues that the injunction was entered without a sufficient factual basis, appellant has not appealed the granting of this injunction.
Even if appellee’s claim for damages against appellant was not supported by the necessary facts, an issue I do not address, I cannot understand how there can be a complete absence of a justiciable issue, when the trial court has granted substantive relief to the party against whom the court is asked to levy attorney’s fees under section 57.105(1). See Muckenfuss, 508 So.2d at 341. I agree with the Third District that the granting of injunctive relief after a hearing with notice is “clearly *117 inconsistent with a finding of a total lack of a justiciable issue.” Executive Ctrs. of Am., Inc. v. Durability Seating & Interiors, Inc., 402 So.2d 24, 26 (Fla. 3d DCA 1981). Further, the proceedings seeking fees pursuant to section 57.105(1) are not the appropriate forum in which to argue that the injunction was wrongfully issued. Id. In my view, considering the substantive relief granted in this action, reasonable people could disagree as to the trial court’s determination that the appellee’s action was not completely devoid of merit. As a result, I believe that there was no abuse of discretion and we are constrained to affirm.

. Compare the current wording of section 57.105(1), which the 1999 Florida Legislature amended to read, in pertinent part, as follows:
(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a in any civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts, tfaege-^was a complete-absence ■ of a justiciable' issue of either law or fact raised by-the complaint or defense of the losing part}'....
Ch. 99-225(4), Laws of Florida. (The language added by chapter 99-225(4) is indicated in underlined type, and language deleted is indicated in struck through type. See Laws of Florida (1999), Vol. I, pt. one, pg. iii).