776 So.2d 1000 (2001)
Javier DECLET, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, et al., Appellees.
No. 5D00-1112.
District Court of Appeal of Florida, Fifth District.
January 19, 2001.
Lisa J. Augspurger of Bush, Brooks & Augspurger, P.A., Orlando, for Appellant.
Eric D. Dunlap, Orlando, for Appellees.
ORFINGER, R.B., J.
Javier Declet (Declet) appeals a final order of the Public Employee Relations Commission (PERC) terminating him as an employee of the Florida Department of Children & Families (DCF). Declet asserts that (1) there was not competent substantial evidence to support the hearing officer's finding that Declet made false statements to his supervisor and (2) PERC abused its discretion by terminating his employment instead of demoting him as the hearing officer recommend. We find no error and affirm PERC's order.
DCF's disciplinary actions against Declet arose following the death of N.P., a child, who was receiving protective services from the DCF protective services unit supervised by Declet.[1] N.P.'s case was assigned to Declet's unit on February 26. During a March 12 supervisor's meeting, Declet told his supervisor, Lorita Shirley, that he had not yet reviewed N.P.'s case.[2] Declet was reminded of the need to promptly review all cases assigned to his *1001 unit. On April 20, DCF received another report of abuse regarding N.P. In a supervisor's meeting on May 7, Declet told Shirley that he had completed the reviews of the cases assigned to his unit. In fact, Declet had not completed all of the reviews.
On May 22, DCF received another abuse report regarding N.P. The report indicated that N.P. was hospitalized with serious injuries inflicted by her mother's paramour. Declet was called into Shirley's office and told her at that time that he had not reviewed N.P.'s file, contrary to what he had earlier indicated. On May 23, N.P. died.
Declet was subsequently dismissed from his position by DCF. The grounds given for the dismissal were "Falsification of Records or Statements" and "Negligence," both violations of the DCF employee handbook. Declet appealed the dismissal to PERC. After a three-day hearing, the hearing officer found that Declet had been negligent in the performance of his duties and had made false statements to Shirley, his supervisor. The hearing officer recommended that Declet be demoted in lieu of dismissal. Both parties filed exceptions to the hearing officer's recommended order.
In issuing its final order, PERC accepted the hearing officer's finding that DCF had cause to discipline Declet. However, PERC determined that dismissal was the appropriate sanction due to Declet's false statements to his supervisor.
On appeal, PERC's order must be affirmed if it and the underlying hearing officer's judgment are supported by competent substantial evidence. See § 120.68, Fla. Stat. (2000). The case was a classic "he said, she said." Shirley testified that Declet told her on May 7 that he had reviewed all files assigned to his unit, including N.P.'s. Declet testified that he did not make those statements to Shirley. The hearing officer chose to believe what she said. This court cannot reweigh or reevaluate the evidence presented to the hearing officer and cannot substitute its judgment for that of the trier of fact. It was up to the hearing officer to resolve conflicts in the testimony. See Pasco County Sch. Bd. v. Florida Pub. Employees Relations Comm'n, 353 So.2d 108, 116 (Fla. 1st DCA 1977); Educ. Dev. Ctr., Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla.1989). Accordingly, we find no error in the hearing officer's findings and PERC's order concluding that Declet made false statements to his supervisor contrary to established DCF policies.
Finally, we find no merit in Declet's contention that PERC abused its discretion by upholding his termination instead of demoting him as recommended by the hearing officer. PERC's actions are consistent with its statutory authority pursuant to Section 120.57(1)(l), Florida Statutes (2000).
AFFIRMED.
THOMPSON, C.J., and PLEUS, J., concur.
NOTES
[1] Declet was the supervisor of protective services unit 117 with DCF. In this capacity, he was responsible for supervising DCF counselors who provided protective services to abused or neglected children.
[2] Supervisory reviews are performed to insure that appropriate protective services are provided to dependent children or other children at risk.