791 So.2d 1234 (2001)
Frank B. ARENAS, Appellant,
v.
CITY OF COLEMAN, Florida, Appellee.
No. 5D00-2357.
District Court of Appeal of Florida, Fifth District.
August 17, 2001.
*1235 Frank B. Arenas, Coleman, Pro Se.
J. Murray Milliken, Floral City, for Appellee.
ORFINGER, R.B., J.
Frank B. Arenas appeals the trial court's order denying his motion for attorney's fees pursuant to section 57.105, Florida Statutes (1997) following the City of Coleman's voluntary dismissal of its petition seeking an injunction against him and others for alleged code violations. Finding no abuse of discretion, we affirm.
Under the 1997 version of section 57.105 applicable here, attorney's fees could be awarded only if there was a complete lack of justiciable issues of either law or fact at the time the claim or defense was initially presented. Lambert v. Nelson, 573 So.2d 54, 56 (Fla. 1st DCA 1990). In order to demonstrate a complete absence of justiciable issues, the claim or defense must be so clearly devoid of merit both on the facts and the law when presented as to be completely untenable. Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982); Weatherby Assocs., Inc. v. Ballack, 783 So.2d 1138, 1141 (Fla. 4th DCA 2001). As a result, a party could not be sanctioned under the 1997 version of section 57.105 when the lawsuit was not frivolous when filed, but became frivolous later. H.J.J., Inc. v. Party Prods., II, Inc., 738 So.2d 515 (Fla. 3d DCA 1999).[1] The fact that the City voluntarily dismissed its lawsuit does not automatically allow for attorney's fees as argued by Arenas. "The frivolousness of a claim or a defense is to be judged and determined as of the time it is initially presented, and if it can pass muster at that point, subsequent developments which render the claim or the defense to be without justiciable issue in law or fact should not *1236 subject the losing party to attorney's fees." Schwartz v. W-K Partners, 530 So.2d 456, 457 (Fla. 5th DCA 1988); see also Lambert, 573 So.2d at 56.
Having reviewed the record, we find no abuse of discretion on the part of the trial court in its conclusion that the City's petition was not frivolous when filed. Accordingly, the trial court's order denying Arenas' motion for attorney's fees is affirmed.
AFFIRMED.
THOMPSON, C.J., and SHARP, W., J., concur.
NOTES
[1] Section 57.105(1) was amended in 1999 to provide that the determination of frivolousness of a claim may be measured when the claim is "initially presented to the court or at any time before trial." § 57.105(1), Fla. Stat. (1999). Therefore, under section 57.105 as amended in 1999, a party may be subject to section 57.105(1) sanctions if a party is not dropped or dismissed when it becomes evident that there is no longer a justiciable claim although the claim may not have been frivolous at the time it was filed. Weatherby, 783 So.2d at 1142.