823 So.2d 795 (2001)
Robert F. LANGFORD, Jr., Appellant,
v.
Martha Jean FERRERA, as Personal Representative of the Estate of Janie Elizabeth Albritton, deceased, Appellee.
Harold E. Regan, Appellant,
v.
Martha Jean Ferrera, as Personal Representative of the Estate of Janie Elizabeth Albritton, deceased, Appellee.
E. George Albritton, Appellant,
v.
Martha Jean Ferrera, as Personal Representative of the Estate of Janie Elizabeth Albritton, deceased, Appellee.
Nos. 1D00-3129, 1D00-3133 and 1D00-3435.
District Court of Appeal of Florida, First District.
November 16, 2001.
Rehearing Denied August 19, 2002.
*796 Robert F. Langford, Jr., Tallahassee, Pro se.
Thomas M. Ervin of Ervin, Varn, Jacobs & Ervin, Tallahassee, Attorney for Harold E. Regan.
Marsha L. Lyons of Lyons & Farrar, P.A., Tallahassee, Attorney for George E. Albritton.
David A. Barrett and A. Dean Johnson of Barrett & Associates and Belinda Takach France, Tallahassee, for Appellee.
BROWNING, J.
This is a consolidated appeal of a final order entered July 10, 2000, awarding $101,000.00 in attorney's fees against appellant-attorney Harold Regan (Regan), appellant-attorney Robert Langford (Langford) and appellant-client George Albritton (Albritton) (collectively "Appellants"), under section 57.105, Florida Statutes (1997). Appellee-personal representative Martha Ferrera (Ferrera) argues that Albritton's claim as a creditor of the estate was time-barred by section 733.710, Florida Statutes, the statute of repose, and even if the claim was not time-barred, Albritton was not entitled to reimbursement because the sums for which he sought reimbursement were expended without Ferrera's authority. Thus, Ferrera argues, Albritton failed to present a justiciable issue of law or fact to defeat Ferrera's statute of repose defense, the claim was frivolous at its inception, and attorneys' fees are warranted under section 57.105. Appellants argue the claim contains the following justiciable issues: (1) estoppel, waiver or lack of notice, because the statement of claim was filed within the three-month period specified by the Notice of Administration (NOA); (2) the expenses for which Albritton initially sought reimbursement were post-death obligations of the estate, which included mortgage payments, taxes, insurance, maintenance, and repairs and are not subject to the provisions of sections 733.702(1) and 733.710; and (3) at the time of the initial claim, there was a conflict of authority as to whether section 733.710 is a statute of repose or a statute of limitation. We agree that the claim made by Albritton presents justiciable issues for adjudication, and we reverse.
As a prerequisite to an award of attorney's fees pursuant to section 57.105, the trial court must find a complete absence of a justiciable issue of law or fact raised by the losing party. See Lambert v. Nelson, 573 So.2d 54, 56 (Fla. 1st DCA 1990); Skalniak v. Dey, 737 So.2d 635 (Fla. 1st DCA 1999). The suit must be so clearly devoid of merit both on the facts and law as to be completely untenable. See Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995); Lambert, 573 So.2d at 56. Even if a portion of the complaint is frivolous, an award of attorney's fees is not appropriate so long as the complaint alleges some justiciable issues. See Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987); Boyce v. Cluett, 672 So.2d 858 (Fla. *797 4th DCA 1996). Furthermore, dismissal of a suit does not necessarily justify an attorney's fee award if the suit can be considered to have been non-frivolous at its inception. See Lambert, 573 So.2d at 56. If a suit can pass muster at the time it is initially presented, subsequent developments that render the claim without justiciable merit in law or fact should not subject the losing party to attorney's fees. See id.; Schwartz v. W-K Partners, 530 So.2d 456, 457 (Fla. 5th DCA 1988); H.J.J., Inc. v. Party Productions, II, Inc., 738 So.2d 515 (Fla. 3d DCA 1999). In view of such precedents, Albritton's claim presented two justiciable issues.
Addressing, first, whether Albritton presented a justiciable defense of estoppel, we conclude he did. A party presents a justiciable defense of estoppel if he or she shows misrepresentation of a material fact upon which the party asserting estoppel detrimentally relied. See Department of Revenue v. Petro, 765 So.2d 792 (Fla. 1st DCA 2000), citing Mandarin Paint & Flooring, Inc. v. Potura Coatings of Jacksonville, 744 So.2d 482 (Fla. 1st DCA 1999). Janie Elizabeth Albritton (decedent) died on February 1, 1995. On November 14, 1996, the attorney of the personal representative of the decedent's estate prepared and had published a NOA which provided that creditors, such as Albritton, had three months from the first date of publication or thirty days from service of the NOA in which to file a statement of claim. The record indicates Albritton was served with a copy of the NOA by certified mail on January 24, 1997. Thus, based upon the express representations of the NOA, Albritton had the later of February 14, 1997, or February 23, 1997, to file his statement of claim. Albritton filed his statement of claim on February 7, 1997. Because Albritton filed his statement of claim within the time period provided by the NOA issued by Ferrera, Albritton set forth a justiciable issue of estoppel against Ferrera's assertion that his claim is time-barred.
Appellant's estoppel defense cannot be deemed non-justiciable because May v. Illinois National Insurance Company, 771 So.2d 1143 (Fla.2000), was decided after Appellant filed his claim. May held section 733.710 "is a jurisdictional statute of nonclaim that automatically bars untimely claims, and is not subject to waiver or extension in probate proceedings." See id. at 1157. However, when Appellant filed his complaint, there was a split of authority among our sister courts as to whether section 733.710 was a statute of limitation or a jurisdictional statute of nonclaim as was subsequently determined by May. See Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163 (Fla. 4th DCA 1996) (section 733.710 is a jurisdictional statute of nonclaim that the court lacks the power to avoid); Baptist Hospital of Miami, Inc. v. Carter, 658 So.2d 560 (Fla. 3d DCA 1995) (section 733.710 is a statute of limitation, and estate could be estopped from asserting limitation as a defense to untimely claim). Thus, Appellant's estoppel defense was justiciable when filed, and the May decision has no retroactive effect on the justiciability of Appellant's claim.
Appellant also stated a justiciable claim for post-death expenditures, because such claims are not subject to the probate code's statutes of nonclaim. See Swenszkowski v. Compton, 662 So.2d 722 (Fla. 1st DCA 1995); §§ 733.702 and 733.710, Fla. Stat.
Because Appellant stated a justiciable defense based upon estoppel and a justiciable claim for post-death expenditures, the trial court abused its discretion by awarding attorney's fees under section 57.105, *798 Florida Statutes. Accordingly, we REVERSE.
WEBSTER and POLSTON, JJ., concur.