847 So.2d 1151 (2003)
Deborah MULLINS, Appellant,
v.
John KENNELLY and Patricia Kennelly, Appellee.
No. 5D02-3137.
District Court of Appeal of Florida, Fifth District.
June 27, 2003.
*1153 Brent C. Miller and Thomas D. Hippelheuser, of Law Office of Brent C. Miller, P.A., Tavares, for Appellant.
James F. Spindler, Jr., of James F. Spindler, Jr., P.A., Crystal River, for Appellee.
ORFINGER, J.
Deborah Mullins and her attorney, Brent C. Miller, P.A., appeal an order assessing attorney's fees against them pursuant to section 57.105, Florida Statutes (1999). For the reasons that follow, we reverse.
Mullins, through Miller, her attorney, sued John and Patricia Kennelly in May, 1999, alleging that Mullins was injured in December, 1997, when the Kennellys' dog attacked the horse she was riding, causing the horse to fall and roll over on her. During the course of the litigation, the Kennellys' deposed Mullins, her former husband, Keith, and their mutual friend, Christopher King. Mullins's testimony was generally consistent with the allegations made in her complaint. However, Keith and King testified that Mullins gave conflicting versions of the accident, once claiming that a white truck spooked her horse, causing the accident, while another time asserting that a white dog, not the Kennellys' black dog, spooked her horse. After those depositions were taken, more than a year passed without any record activity, and, following proper notice, the case was dismissed for lack for prosecution.
The Kennellys then sought attorney's fees pursuant to section 57.105. After a hearing, the trial court awarded fees in equal shares against Mullins and Miller based on section 57.105, Florida Statutes (1999), for work performed by the Kennellys' attorney subsequent to November 17, 1999, the date Keith and King were deposed. Mullins and Miller now appeal that order.
We must first determine if the 1999 revision of section 57.105 applies to this case. Section 57.105 was substantially rewritten effective October 1, 1999.[1] Unlike its predecessor, fees may now be awarded if a party or its counsel knew or should have known that any claim or defense asserted was not supported by material facts, or the application of then existing *1154 law to those material facts. Further, the 1999 version of the statute applies to any claim or defense, and does not require that the entire action be frivolous. That standard differs materially from the former version of 57.105, which limited fee awards to situations in which there was a complete absence of a justiciable issue of fact or law.[2]Forum v. Boca Burger, Inc., 788 So.2d 1055, 1060 (Fla. 4th DCA 2001), review granted, 817 So.2d 844 (Fla.2002).
Mullins and Miller argue that because the incident occurred, and the suit was filed, prior to October 1, 1999, the revised section 57.105 cannot be applied to this case. In some respects, we agree. The 1999 amendment to section 57.105 substantively changed the statute by creating rights to fees under circumstances not previously authorized. As a result, we conclude that the revised statute cannot be applied retroactively to papers filed, actions taken or matters occurring prior to the effective date of the amendment. See Love v. Jacobson, 390 So.2d 782 (Fla. 3d DCA 1980) (holding that prior version of section 57.105 would not be applied retroactively); accord McMahan v. Toto, 256 F.3d 1120, 1129 (11th Cir.2001); Porteous v. Fowler, 394 So.2d 154 (Fla. 4th DCA 1981). But that does not resolve the problem presented here because the trial judge sanctioned Mullins and Miller only for actions taken or positions maintained after the effective date of the statute.
The central purpose of section 57.105 is, and always has been, to deter meritless filings and thus streamline the administration and procedure of the courts. See Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982). ("The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities."); Visoly v. Sec. Pacific Credit Corp., 768 So.2d 482, 492 (Fla. 3d DCA 2000) ("The general policy behind awarding attorney's fees for bringing a frivolous action is to discourage baseless claims, stonewall defenses, and sham appeals by sanctioning those responsible for unnecessary litigation costs."). Although the statute, like Federal Rule of Civil Procedure 11 upon which it was modeled, "must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy," any interpretation of the statute must give effect to its central goal of deterrence. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).
Because section 57.105 is patterned after Federal Rule 11, we construe it as its prototype has been construed in federal courts, insofar as such construction is harmonious with the spirit and policy of Florida legislation on the subject. See generally Dep't of Prof'l Regulation, Div. of Real Estate v. Toledo Realty, Inc., 549 So.2d 715, 717 (Fla. 1st DCA 1989). In Rule 11 cases, the federal courts have adopted the view that whether conduct should be sanctioned should be measured by the standard in effect at the time of the conduct to be sanctioned. Corporate Printing Co., Inc. v. New York Typographical Union No. 6, 886 F.Supp. 340, 343 (S.D.N.Y. 1995). See also Knipe v. Skinner, 19 F.3d 72 (2d Cir.1994). We endorse that view *1155 because such an interpretation helps achieve the prophylactic goal of the statute, while not retroactively penalizing a party for actions that occurred, or papers that were filed, when the earlier version of section 57.105 controlled. Because the trial court sanctioned Mullins and her attorney only for conduct that occurred subsequent to the effective date of the revised statute, we see no impediment to, or unfairness in, the application of the new standard. See Freedom Commerce Centre Venture v. Ranson, 823 So.2d 817 (Fla. 1st DCA 2002) (awarding attorney's fees based on frivolous post-judgment filed after 1999 amendment to statute in case originally filed prior to amendment).[3]
We conclude that the 1999 version of section 57.105 applies to actions taken, positions maintained or papers filed by Mullins and her attorney subsequent to the October 1, 1999 revision to section 57.105. Now, we must determine if the trial court abused its discretion in concluding that Mullins or Miller knew, or should have known, that Mullins's position was not supported by the material facts necessary to establish her claim or would not have been supported by the application of then-existing law to those material facts.
That Mullins's action was dismissed for failure to prosecute is of no particular significance. A dismissal for failure to prosecute under Florida Rule of Civil Procedure 1.420(e) is not an adjudication on the merits. JB Int'l, Inc. v. Mega Flight, Inc., 840 So.2d 1147 (Fla. 5th DCA 2003). Although the revised statute has expanded the number of circumstances in which attorney's fee may be awarded, an award of fees is not always appropriate under section 57.105, even though the party seeking fees was successful in obtaining the dismissal of the action. Read v. Taylor, 832 So.2d 219, 222 (Fla. 4th DCA 2002).
Mullins's dispute with the Kennellys (or perhaps more accurately with Keith and King), is a classic "he said, she said," wherein the credibility of the witnesses would have been weighed by the trier of fact had the matter proceeded to trial. See Declet v. Dep't of Children & Families, 776 So.2d 1000 (Fla. 5th DCA 2001). The fact that the witnesses provided contradictory evidence does not necessarily compel the court to the conclusion that the action lacked factual support and was therefore sanctionable under section 57.105. The Kennellys concede that given the sworn testimony in the record, they would not have prevailed on a motion for summary judgment and if the case had proceeded to trial, a motion for directed verdict would not have been sustainable. We therefore conclude that under the facts of this case, sanctions under either version of section 57.105 are not appropriate.[4]
Given our disposition of the main issue in this case, we need not address the *1156 other issues raised on the main appeal, including whether one-half of the attorney's fee award should have been assessed against Miller, the attorney. We are concerned, however, because of the obvious conflict of interest between Mullins and Miller, given Miller's position, argued by the same attorney, that if section 57.105 fees are to be awarded, they should be awarded solely against Mullins and not against Miller. Because of this conflict of interest, it is, at a minimum, "incumbent upon the attorney facing a 57.105 proceeding to apprise the client of the conflict and the consequences of continued representation once the attorney has formed a reasonable belief that such representation will not be adversely affected. The attorney should document not only the disclosure, but also the client's endorsement of the disclosure and the continuing representation." Khoury v. Estate of Kashey, 533 So.2d 908, 909 (Fla. 3d DCA 1988); see The Florida Bar v. Ward, 472 So.2d 1159, 1162 (Fla.1985). In such circumstances, the attorney must consider whether the conflict "will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." See R. Regulating Fla. Bar 4-1.7 cmt. Although it should be evident, we emphasize that a "lawyer's own interests should not be permitted to have [an] adverse effect on representation of a client." Id.
REVERSED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] Section 57.105, Florida Statutes (1999), provides in pertinent part:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
[2] Section 57.105, Florida Statutes (1997), provides in pertinent part:

(1) The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party.
[3] In Arenas v. City of Coleman, 791 So.2d 1234, 1235 n. 1 (Fla. 5th DCA 2001), we observed that under the 1999 amendment, "a party may be subject to section 57.105(1) sanctions if a party is not dropped or dismissed when it becomes evident that there is no longer a justiciable claim although the claim may not have been frivolous at the time it was filed." Similarly, in Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414, 417 (Fla. 1st DCA 2002), Judge Padovano observed that under the revised statute a court may award a fee for a particular claim or defense even if the party against whom the award was obtained might ultimately prevail on another ground. Thus, it would appear that section 57.105 imposes a duty, or at least a penalty for failing to voluntarily dismiss a claim or a defense when it becomes clear that the claim or defense is untenable.
[4] Although the goal of section 57.105 is laudatory, fairly and consistently applying the statute is problematic. "In the legal world, claims span the entire continuum from overwhelmingly strong to outrageously weak. Somewhere between these two points, courts draw a line to separate the nonfrivolous from the frivolous, the former category providing safe shelter, the latter subjecting attorney and client to sanctions." Eastway Constr. Corp. v. City of New York, 637 F.Supp. 558, 574 (E.D.N.Y.1986). As Judge Gersten observed in commenting on the earlier version of section 57.105:

We recognize that to some extent, the definition of "frivolous" is incapable of precise determination. Nevertheless, a review of Florida caselaw reveals that there are established guidelines for determining when an action is frivolous. These include where a case is found: (a) to be completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (b) to be contracted by overwhelming evidence; (c) as having been undertaken primarily to delay or prolong the resolution of the litigation, or to harass or to maliciously injure another; or (c) [sic] as asserting material factual statements that are false.
Visoly v. Sec. Pacific Credit Corp., 768 So.2d 482, 491 (Fla. 3d DCA 2000) (footnotes omitted).
While the revised statute incorporates the "not supported by the material facts or would not be supported by application of then-existing law to those material facts" standard instead of the "frivolous" standard of the earlier statute, an all encompassing definition of the new standard defies us. It is clear that the bar for the imposition of sanctions has been lowered, but just how far it has been lowered is an open question requiring a case by case analysis. While we recognize our inability to precisely define the revised standard for sanctions, we do not suggest that sanctions can never be imposed in a "he said, she said" case. Our conclusion is simply that section 57.105 sanctions are not appropriate based on the facts of this case.