913 So.2d 5 (2005)
E. George ALBRITTON, et. al., Appellants,
v.
Martha Jean FERRERA, as Personal Representative of the Estate of Janie Elizabeth Albritton, deceased, Appellee.
Nos. 1D04-3104, 1D04-4434.
District Court of Appeal of Florida, First District.
September 2, 2005.
Rehearing Denied October 5, 2005.
*6 Robert F. Langford, Jr., Esq., Tallahassee, Marsha L. Lyons, Esq., of Lyons & Farrar, Tallahassee, and Harold E. Regan, Esq., Tallahassee, for Appellants.
Belinda T. France, Esq., and A. Dean Johnson, Esq., of the France Law Firm, Tallahassee, for Appellee.
HAWKES, J.
This is a consolidated appeal and the third trip to this court for these parties. George Albritton and two of his counsel, Robert Langford and Harold Regan (Appellants), challenge the trial court's final order denying their motions for attorney's fees pursuant to section 57.105, Florida Statutes (1999). Appellants prevailed in a previous appeal defending against Appellee, Martha Ferrera's, claim for attorney's *7 fees filed pursuant to the 1997 version of section 57.105, Florida Statutes. Appellants argue Ferrera and her counsel knew or should have known their claim for section 57.105 fees pursuant to the 1997 version of the statute was not supported by the material facts or application of existing law to those facts. As a consequence, Appellants argue, they are entitled to an award of attorney's fees pursuant to the 1999 version of section 57.105, Florida Statutes. We agree and reverse.

Relevant Background from Previous Appeal
Following the February 1995, death of Janie Albritton, the mother of both Albritton and Ferrera, Ferrera, through counsel, filed a Petition for Administration to open her mother's estate and seeking her own appointment as personal representative. The petition was met with a will challenge filed by Albritton, through his attorney, Langford. Ultimately, Ferrera was appointed personal representative.
A Notice of Administration (NOA) was published on November 14, 1996, advising creditors that claims were to be filed "within three months of the date of first publication," i.e., not later than February 14, 1997. Albritton was also served by certified mail with a copy of the NOA on January 24, 1997, advising he had thirty days from the service date, i.e., until February 23, 1997, to file a claim.
On February 7, 1997, Albritton filed a claim for reimbursement of expenses paid on behalf of the estate after his mother's death. Ferrera objected to the claim, and Albritton filed a civil complaint against the estate seeking recovery of the disputed expenses. The trial court dismissed Albritton's complaint, accepting the arguments raised by Ferrera in her motion to dismiss, finding Albritton's complaint was not filed within two years of the date of death, as required by section 733.710(1), Florida Statutes (1995), which the court found to be a statute of limitation.
After this ruling, Ferrera sought attorney's fees against Albritton and his two attorneys, Langford and Regan, pursuant to the 1997 version of section 57.105, Florida Statutes. As grounds, Ferrera argued Albritton's complaint was frivolous because: (1) It was untimely, and thus barred by section 733.710, which was a statute of repose Albritton was unable to toll as a matter of law; and (2) Even if it was possible to toll section 733.710, Albritton failed to present a justiciable issue which would defeat the limitations defense.
In defense, Albritton and his counsel argued the following three grounds as to why their complaint was not frivolous: (1) The expenses for which Albritton sought reimbursement were post-death expenses which were not subject to section 733.710; (2) Ferrera's arguments of estoppel, waiver or lack of notice were not applicable, because the claim was filed within the three month period allowed by the NOA; and that (3) At the time of the initial claim, there was a justiciable issue of law based on a conflict of authority as to whether section 733.710 was a statute of repose or limitation.
The trial court ruled in favor of Ferrera and awarded section 57.105 fees to be paid by Albritton, Langford, and Regan in the amount of $101,000.00. On appeal, this court reversed the order, in effect, agreeing with each argument raised by Albritton and his counsel when initially defending against Ferrera's motion. See Langford v. Ferrera, 823 So.2d 795 (Fla. 1st DCA 2001).

Facts Leading to the Order Now On Appeal
On remand, Albritton, Langford and Regan moved for attorney's fees and costs pursuant to the amended, 1999 version of *8 section 57.105, Florida Statutes. In relevant part, they argued Ferrera's claim for section 57.105 fees pursuant to the 1997 version of the statute had no basis in law or fact, and Ferrera and her counsel knew or should have known the issues presented by Albritton in his complaint were justiciable. Following a hearing, the trial court denied the motions for section 57.105 fees, noting Appellants were presenting a "somewhat unique `reverse frivolous claim' theory," and finding a claim for section 57.105 fees was not supported by the evidence.
In addition to denying section 57.105 fees for the foregoing reasons, the trial court further concluded Langford was not entitled to fees because he was not represented by counsel and did not incur fees in defending the action. It is from these rulings Appellants appeal.

Legislative Changes to Section 57.105, Florida Statutes
When Ferrera moved for section 57.105 fees after prevailing on her motion to dismiss Albritton's complaint, the 1997 version of the statute applied. That version required justiciability be measured at the filing of the complaint, and before being entitled to an award of fees, the court was required to find "there was a complete absence of a justiciable issue of either law or fact raised by the complaint...." § 57.105(1), Fla. Stat. (1997); see also Lambert v. Nelson, 573 So.2d 54 (Fla. 1st DCA 1990).
When Albritton and his counsel filed their motion for section 57.105 fees, the statute had been amended by the 1999 legislature. The 1999 version lowered the bar a party must overcome before becoming entitled to attorney's fees pursuant to section 57.105, Florida Statutes. See Wendy's of N.E. Fla., Inc. v. Vandergriff, 865 So.2d 520 (Fla. 1st DCA 2003); Mullins v. Kennelly, 847 So.2d 1151, 1155 n. 4 (Fla. 5th DCA 2003). Specifically, the 1999 version authorizes an award of attorney's fees "on any claim or defense at any time during a civil proceeding or action," if the claim "was not supported by the material facts[1] necessary to establish the claim," or "would not be supported by the application of then-existing law to those material facts." § 57.105, Fla. Stat. (1999); see also Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414 (Fla. 1st DCA 2002). Significantly, the 1999 version of section 57.105, "applies to any claim or defense, and does not require that the entire action be frivolous." Mullins, 847 So.2d at 1154.
Although the 1999 version cannot be applied retroactively to papers filed, actions taken or matters occurring prior to its October 1, 1999, effective date, it does apply to actions taken, positions maintained or papers filed subsequent to its effective date. See id. at 1154-1155. Thus, in a given suit, both versions of the statute could apply. Under the 1999 version, a party may be subject to fees if a claim is not dropped or dismissed when it becomes evident it is no longer justiciable, even though it may not have been frivolous when filed. See id. at 1155 n. 3; Arenas v. City of Coleman, 791 So.2d 1234, 1235 n. 1 (Fla. 5th DCA 2001). The 1999 version "imposes a duty, or at least a penalty for failing to voluntarily dismiss a claim or defense when it becomes clear that the claim or defense is untenable." Mullins, 847 So.2d at 1155 n. 3.
The word "shall" in section 57.105 has been found to evidence the legislative intent to impose a mandatory penalty in the form of reasonable attorney's fees to discourage *9 baseless claims, by placing a price tag on losing parties who engage in these activities. See Couch v. Drew, 554 So.2d 1185 (Fla. 1st DCA 1989); Wright v. Acierno, 437 So.2d 242 (Fla. 5th DCA 1983).
Under the 1999 version of section 57.105, before Albritton and his counsel could be entitled to section 57.105 fees against Ferrera, they would have to establish three elements: (1) Whether Ferrera's motion for section 57.105 attorney's fees against Albritton and his counsel was a claim as that term is used in the statute; (2) Whether the claim was supported by material facts or the application of existing law to the facts; and, if not (3) Whether Ferrera and her counsel knew or should have known it was not. Clearly, a motion seeking attorney's fees pursuant to section 57.105 is a claim, and neither party contests this element.

Whether Ferrera's Claim for Section 57.105 Fees Against Albritton and His Counsel Was Supported by the Facts or the Law
Before section 57.105 fees could be imposed against Albritton and his counsel, Ferrera was required to prove that, at the time of filing, Albritton's complaint seeking reimbursement of estate expenses completely lacked any justiciable issue of law or fact. See Lambert, 573 So.2d at 56; Skalniak v. Dey, 737 So.2d 635 (Fla. 1st DCA 1999). Since Ferrera was proceeding under the 1997 version of section 57.105, she had a much higher burden to meet. Specifically, the complaint must have been so clearly devoid of merit both on the facts and law as to be completely untenable. See Demby v. English, 667 So.2d 350 (Fla. 1st DCA 1995); Lambert, 573 So.2d at 56.
In this court's opinion reversing the award of section 57.105 fees against Albritton, Langford, and Regan, it noted there was no basis upon which the fees could be imposed. In other words, Albritton's complaint was neither devoid of merit, nor untenable. In reaching its decision, this court cited well established principles of law, and found justiciable issues in each argument Albritton and his counsel presented to the trial court when defending against the imposition of fees. See Langford, 823 So.2d at 797. Specifically, this court: (1) cited well established principles of law regarding the elements required to plead estoppel; (2) noted that, pursuant to specific probate code provisions, post-death expenses are not subject to section 733.710; and (3) reiterated the standard required to award fees under the pre-1999 version of section 57.105. Therefore, Ferrera's claim for fees pursuant to the 1997 version of section 57.105 was not supported by the facts or the application of the law to those facts.

Whether Ferrera's Attorneys Knew or Should Have Known Their Claim Was Not Supported by the Facts or Law
Because these principles are well established, when Ferrera and her attorneys chose to file her section 57.105 motion for attorney's fees, they are expected to know them, when they apply, and to be held accountable for that knowledge. Although not a pre-requisite to an award pursuant to section 57.105, the record indicates the trial court found Ferrera's attorneys, David Barrett and Belinda France, have extensive experience in the respective fields of trial practice and procedure by Barrett, and probate litigation by France. Thus, based on the record before this court, Ferrera and her counsel knew, or should have known, Ferrera's claim for section 57.105 fees was not supported by material facts or the application of existing law to the facts.
*10 Moreover, the fact that Ferrera prevailed in the trial court and maintained her position on appeal, in effect, defending the trial court's order, will not insulate her from the imposition of section 57.105 fees. See Boca Burger, Inc. v. Forum, 912 So.2d 561 (Fla.2005). Every lawyer has a duty of candor to the court, and must disclose contrary authority. See id. "An appellee cannot hide behind the `presumption of correctness' of an order that the appellee itself procured by misrepresenting the law or the facts." Id. at 571. Sanctions are appropriate where an appellee or its lawyer defends a patently erroneous trial court order. See id. at 571.

The Trial Court's Ruling
Contrary to the trial court's ruling, the 1999 version would permit a "reverse frivolous claim" for section 57.105 fees. The 1999 amendment lowered the bar by permitting the imposition of attorney's fees for any claim or defense if, at any stage of the proceeding, it is determined the claim or defense lacks a sufficient factual or legal basis. Consequently, once a party learns its claim or defense is not supported by the facts or law, it must drop the claim or defense, or risk imposition of section 57.105 attorney's fees on the non-meritorious claim or defense. Here, the record shows Ferrera and her counsel knew or should have known her motion for section 57.105 attorney's fees was not supported by the facts or law.
The trial court abused its discretion by finding there was no evidentiary support for Albritton's motion for attorney's fees filed pursuant to section 57.105, Florida Statutes (1999). At a minimum, this court's prior opinion provides evidentiary support that Ferrera's motion for section 57.105 fees was not supported by the facts or law.

Langford's Entitlement to Attorney's Fees for Self-Representation
The trial court also abused its discretion by denying fees to Langford. "[I]n a frivolous suit against a lawyer, he is entitled to attorney's fees for his time and effort under section 57.105, just as he is for services rendered by counsel he employs to represent him." Friedman v. Backman, 453 So.2d 938 (Fla. 4th DCA 1984) (noting that awarding fees for self-representation is "logical because, as the saying goes `a lawyer's time and advice are his stock in trade'"); see also Quick & Reilly, Inc. v. Perlin, 411 So.2d 978 (Fla. 3d DCA 1982) (holding an attorney who represents himself has the right to recover fees for acting as his own counsel); McClung v. Posey, 514 So.2d 1139 (Fla. 5th DCA 1987) (holding attorney's fees should be awarded to attorney representing himself if fees would be recoverable by the same party if represented by independent counsel); Maulden v. Corbin, 537 So.2d 1085 (Fla. 1st DCA 1989) (finding attorney entitled to attorney's fee for self representation). A fee award must be based only on the reasonable value of the services rendered, not whether or how much the prevailing party has actually paid. See Couch, 554 So.2d at 1187; Wright, 437 So.2d at 244. This holds true even if the award results in a windfall. See Zweibach v. Gordimer, 884 So.2d 244 (Fla. 2d DCA 2004).
Here, because an award of attorney's fees under section 57.105 is proper, Langford is entitled to such a fee for representing himself just as though he had hired outside counsel. In fact, he is entitled to reasonable fees even if the award results in a windfall. The trial court erred by denying Langford's motion for attorney's fees.
The trial court's order denying Albritton's, Langford's and Regan's motions for *11 section 57.105 attorney's fees is REVERSED and the case REMANDED with directions for the trial court to award reasonable attorney's fees to Albritton, Langford and Regan pursuant to section 57.105, Florida Statutes (1999).
ALLEN and LEWIS, JJ., concur.
NOTES
[1] "Supported by the material facts" means the party possesses admissible evidence sufficient to establish the fact if accepted by the finder of fact.