30 So.3d 704 (2010)
Christopher GEIGER, Appellant,
v.
Michelle SPURLOCK f/k/a Michelle Theriot, Appellee.
No. 5D08-2871.
District Court of Appeal of Florida, Fifth District.
March 26, 2010.
Thomas R. Peppler of Stein, Sonnenschein, Hochman & Peppler, Oviedo, for Appellant.
Stewart Cohen of Stewart Cohen, P.A., Orlando, for Appellee.
PER CURIAM.
AFFIRMED.
TORPY and EVANDER, JJ., concur.
PALMER, J., concurs specially with opinion.
PALMER, J., concurring specially.
I concur in the majority's affirmance of the trial court's final order awarding attorney's fees and costs pursuant to section 57.105 of the Florida Statutes (2005). I write to express my concern regarding the conflict of interest issues created by the fact that Attorney Marilyn Hochman's law firm is representing both Geiger and Hochman in this appeal.
In the initial brief filed in this matter Hochman argued, inter alia, that it was error for the trial court to sanction her by directing her to pay half of Spurlock's attorney's fees. If Hochman had been successful in arguing that point, Geiger could have been responsible for paying twice as much in attorney's fees. It is disturbing that Hochman's firm, while purporting to represent Geiger's interests, sought a reversal of a trial court ruling which, as a consequence, could have resulted in an assessment against Geiger of twice as much liability. See Mullins v. Kennelly, 847 So.2d 1151 (Fla. 5th DCA 2003); R. Regulating Fla. Bar 4-1.7. Unfortunately, we are unable to determine, from the state of the instant record, whether Hochman's firm apprised Geiger of this conflict and the consequences of continued representation (such as whether Geiger had a financial obligation to solely fund the prosecution of this appeal even though Hochman's firm had a financial interest in obtaining a reversal of the sanction entered against it).