PER CURIAM.
 

 THOMAS, J.,
 

 concurring.
 

 In this appeal from the trial court’s “Final Judgment of Foreclosure and Final Judgment Dismissing Counterclaim with Prejudice,” entered on remand from our decision in
 
 United States v. Morrison,
 
 28 So.3d 94 (Fla. 1st DCA 2009),
 
 rev. denied,
 
 43 So.3d 44 (Fla.2010) (table), appellants raise two points seeking reversal of the trial court’s award of attorneys’ fees to appellee. We AFFIRM without comment the trial court’s award of attorneys’ fees to appellee arising from the final judgment of foreclosure. However, because the trial court reserved jurisdiction to determine the distinctly separate amount of attorneys’ fees awarded to appellee due to the dismissal of appellants’ counterclaim, we lack jurisdiction to consider their challenge of the award. Consequently, that portion of appellants’ appeal is DISMISSED.
 
 See Zampell Refractories, Inc. v. Welch,
 
 61 So.3d 1160, 1160 (Fla. 1st DCA 2011);
 
 Zuberer v. Zuberer,
 
 28 So.3d 993, 993-94 (Fla. 2d DCA 2010).
 
 See also Carlin v. Carlin,
 
 895 So.2d 532, 532 (Fla. 1st DCA 2005) (holding that a finding of entitlement to attorney’s fees without setting the amount is a non-final, non-appealable ruling).
 

 I concur, but write to acknowledge Appellants’ argument that under section 559.77(2), Florida Statutes, the issue of attorney’s fees requires a determination of whether Appellants’ counterclaim “fail[ed] to raise a justiciable issue of law or fact[.]” § 559.77(2), Fla. Stat. This argument may be meritorious, and I respectfully recommend that the trial court consider on remand whether any attorney’s fees should be imposed here.
 
 See generally Langford v. Ferrera,
 
 823 So.2d 795 (Fla. 1st DCA 2001) (discussing similar standard for determining fees under previous version of section 57.105, Florida Statutes).
 

 WETHERELL and SWANSON, JJ., concur; THOMAS, J., concurring vrith written opinion.