511 So.2d 1078 (1987)
UNITED BANK of Pinellas, a Florida Banking Corporation, Appellant,
v.
FARMERS BANK of Malone, a Florida Banking Corporation, Appellee.
No. BQ-246.
District Court of Appeal of Florida, First District.
August 26, 1987.
*1079 Michael B. Piper of Piper, Esteva, Karvonen & Lewis, St. Petersburg, for appellant.
Frank A. Baker, Marianna, for appellee.
PER CURIAM.
Appellant, United Bank of Pinellas (United Bank), seeks review of an order denying its motion to dismiss for improper venue or to transfer venue to Pinellas County. We reverse.
Appellee, The Farmers Bank of Malone (Farmers Bank), filed a complaint in the circuit court for Jackson County against United Bank alleging breach of contract and breach of fiduciary relationship. The complaint alleged in relevant part the following facts: On October 14, 1982, United Bank loaned Orange Lake Inn, Inc. $63,000.00 based upon security in the form of a $63,000.00 Certificate of Deposit owned by Eugene A. Zarlinski. Subsequently, United Bank and Farmers Bank entered into a contract, pursuant to which Farmers Bank purchased a $60,000.00 participation in the above loan. The loan was never repaid. All money received with respect to the collateral [Certificate of Deposit] was used to pay off other unrelated loans owed to United Bank by the borrower and its president.
Paragraphs 2 and 3 of the contract between United Bank and Farmers Bank provided:
2... . United Bank shall distribute promptly to the Participant [Farmers Bank] the pro rata share of each payment of principal, interest, or prepayment premium to which the Participant may be entitled; . ..
3. United Bank shall retain all rights with respect to enforcement and collection of the loan, including substitutions or withdrawals of collateral, if any, to the same extent and in all respects as if this participation had not been granted. United Bank will endeavor to exercise the same care with respect to the loan and the collateral, if any, as it gives to loans and collateral in which it alone is interested; but United Bank shall not be liable for any action taken or omitted so long as it has acted in good faith.
The applicable venue statute is section 47.051, Florida Statutes (1985), which states, in part, the following:
Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.
United Bank is a Florida banking corporation with its principal place of business in Pinellas County. This case does not involve any property located in Jackson County. Therefore, if venue is proper in Jackson County where the lawsuit was filed, the cause of action must have accrued there.
Farmers Bank argues that the proceeds from the collateral which United Bank used to reduce an unrelated loan constituted payments of principal and interest on the loan at issue herein and that United Bank therefore breached the contract by failing to pay money due and payable to Farmers *1080 Bank in Jackson County. However, neither the facts alleged in the complaint nor the terms of the contract support this characterization of the lawsuit. The cases cited by Farmers Bank to support its venue claim, based upon the theory that the cause of action stated is for United Bank's breach of the contract by failing to pay a sum of money due and payable in Jackson County, are therefore not applicable.
The gravamen of the complaint as drawn is not the failure of United Bank to remit payments on the loan to Farmers Bank; rather, it is the alleged improper handling of collateral held by United Bank as security for the underlying obligation. Farmers Bank is thus bound by the allegations of the pleading it framed, and will not be permitted to alter its theory of the stated cause of action at the appellate stage in order to defeat United Bank's venue privilege.
For venue purposes, a cause of action on a contract accrues where the breach of that contract occurred. Perry Bldg. Systems, Inc. v. Hayes & Bates, Inc., 361 So.2d 443 (Fla. 1st DCA 1978). In the present case, the alleged breach occurred at the bank located in Pinellas County where appellant applied money received from the collateral to unrelated loans. Therefore, we hold that the trial court erred as a matter of law in refusing to transfer venue to Pinellas County. The cause is remanded to the trial court for proceedings consistent with this opinion.
In view of our disposition of the case as above, we find it unnecessary to consider appellant's contention that the trial court abused its discretion by failing to order a transfer of the case to Pinellas County pursuant to section 47.122, Florida Statutes (1985) (convenience of parties and witnesses).
REVERSED.
SMITH, C.J., and SHIVERS and WENTWORTH, JJ., concur.