605 So.2d 592 (1992)
PRECISION SOFTWARE, INC., Appellant,
v.
Marc GAUTHIER, Appellee.
No. 92-01428.
District Court of Appeal of Florida, Second District.
September 30, 1992.
Patricia Fields Anderson and George K. Rahdert, Rahdert & Anderson, St. Petersburg, for appellant.
Matthew S. Mudano, Yerrid, Knopik & Valenzuela, P.A., Tampa, for appellee.
HALL, Judge.
This is an interlocutory appeal filed pursuant to Rule 9.130, Florida Rules of Appellate Procedure, in which the appellant, Precision Software, Inc. (Precision), a subsidiary of the Home Shopping Network, challenges the propriety of venue in Hillsborough County.
The appellee, Marc Gauthier, is a former employee of Precision. In September 1991, Precision terminated Gauthier from his post as vice president of sales and marketing. *593 In November 1991, Gauthier filed this action against Precision in Hillsborough County for breach of the parties' employment contract.
The contract at issue provided that "annual salary is $150,000, payable biweekly in equal payments... . Should either party decide to terminate this agreement, Mr. Gauthier's salary will be paid for twelve months following said termination."
In his complaint, Gauthier alleged that Precision was refusing to make severance payment. The complaint further alleged that Precision was a foreign corporation licensed in Delaware, but authorized to do business in Hillsborough County, Florida. Gauthier did not challenge the propriety of his termination.
Precision thereafter filed a motion to dismiss or, in the alternative, to transfer the case for improper venue. Precision's motion asserted that Precision was not authorized to do business in Hillsborough County  that it was only authorized to do business in Pinellas County. Precision further asserted that Section 47.051, Florida Statutes (1991), the venue statute applicable to corporations, did not otherwise justify bringing the action in Hillsborough County because the cause of action actually accrued in Pinellas County, where Gauthier worked and was paid, and did not involve property located in Hillsborough.
At the hearing on Precision's motion, Gauthier argued that the contract at issue was one for the payment of money and that under such circumstances a cause of action accrues where the money owed is to be paid. He further claimed that since the contract here was silent as to where his money was to be paid, Florida law dictates that venue is proper where the creditor resides. Gauthier argued that a debtor-creditor relationship existed between him and Precision by virtue of the fact that Precision owed him money. Thus, he being the creditor, it was his contention that venue was proper in Hillsborough County because that was where he was residing.
In response, Precision argued that the obligation to pay money here did not arise from a debtor-creditor relationship, but from an employment contract. Precision contended that since there is a distinction between obligations arising in an employment context and those arising from a debtor-creditor relationship, Gauthier's argument was without merit.
The trial court ultimately denied Precision's motion without explanation. Precision thus filed a renewed and amended motion to dismiss or transfer, once again asserting that venue was improper in Hillsborough County. Precision further attached to its motion a sworn affidavit from Precision's in-house attorney and corporate secretary, indicating that Precision was not authorized to do business in Hillsborough County. That motion, too, was denied without explanation. Precision thus filed timely notice of this interlocutory appeal.
On appeal, Precision contends the trial court erred in denying its motion to dismiss or transfer for improper venue. Precision first argues that since it provided the trial court with an affidavit demonstrating that it was not authorized to do business in Hillsborough County, Gauthier's unverified allegation that Precision was so authorized was controverted by sworn evidence which Gauthier failed to subsequently refute. It is thus Precision's position that venue in Hillsborough County cannot be predicated on Gauthier's mere unsubstantiated assertion. We agree and find that further explanation on this point is unnecessary.
Precision also argues that a debtor-creditor relationship did not exist between it and Gauthier. For that reason, Precision contends that debtor-creditor rules as they apply to venue are inapplicable here. We, again, agree.
Venue rules as they apply to debtor-creditor relationships are inapplicable here because the instant cause of action arises in an employment context. See James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970); Clarke v. Cartee, 549 So.2d 722 (Fla. 1st DCA 1989); Earl W. Shomber & Co. v. Florida Casino Associates, Inc., 469 So.2d 936 (Fla. 3d DCA 1985).
*594 Knowles, Clarke, and Shomber all hold that the debtor-creditor venue rules apply only when a debtor-creditor relationship exists between the parties and the promise sued on is the payment of money. In Knowles, this court specifically stated that "the gravamen of the debtor-creditor rule is that the payment of the debt is the performance called for by the contract." Since the severance provision contained in Gauthier's contract was a condition of his employment with Precision, his cause of action is indeed one for a breach of that contract and not a suit on a debt.
Section 47.051, Florida Statutes (1991), provides:
Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
In light of section 47.051, we have established that Precision is not authorized to do business in Hillsborough County. Further, it is undisputed that this litigation does not involve property located in Hillsborough County. Our question thus becomes whether the instant cause of action accrued in Hillsborough County.
A cause of action for breach of contract is said to have accrued in the county where the breach occurred. Pearson v. Wallace Aviation, Inc., 400 So.2d 50 (Fla. 5th DCA 1981); Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1981); Carter Realty Co. v. Roper Bros. Land Co., 461 So.2d 1029 (Fla. 5th DCA 1985); United Bank of Pinellas v. Farmers Bank of Malone, 511 So.2d 1078 (Fla. 1st DCA 1987). A breach is said to have occurred where failure of performance occurred. Speedling, Inc. v. Krig, 378 So.2d 57 (Fla. 2d DCA 1979); Vital Industries, Inc. v. Burch, 423 So.2d 1023 (Fla. 4th DCA 1982).
The record reflects that Precision always issued Gauthier's salary in Pinellas County, which is where Gauthier worked and received his salary. Since the severance provision itself indicates that Gauthier is simply to continue receiving his salary for a period of one year following termination, we can conclude that if Precision has indeed failed to perform in this instance, it has done so by refusing to issue further payment to Gauthier from its place of business in Pinellas County.
Accordingly, we find the trial court erroneously determined venue to be proper in Hillsborough County. We therefore remand the case with directions to transfer the cause of action to Pinellas County.
SCHOONOVER, A.C.J., and BLUE, J., concur.