PER CURIAM.
After obtaining a judgment against the appellee, Party Productions, II, Inc. (“P.P.II”), H.J.J., Inc. brought this creditor’s bill claim against P.P. II, its former principals and the appellee, Fred D. Productions, Inc. (“F.D.P.”), as the alleged successor corporation. The creditor’s bill claim alleged two theories against FDP: defacto merger and mere continuation of business.[1] The lower court granted final summary judgment in F.D.P’s behalf on both theories, which now forms the basis of this appeal. Based on the undisputed record evidence below, we agree with the lower court that H.J.J. did not establish the legal requirements necessary to impose liability on appellee under either the theory of defacto merger or mere continuation of business. See Amjad Munim, M.D., P.A. v. Azar, 648 So.2d 145, 154 (Fla. 4th DCA 1994); Orlando Light Bulb Serv., Inc. v. Laser Lighting and Elec. Supply, Inc., 523 So.2d 740, 742-43 (Fla. 5th DCA 1988). Accordingly, we affirm.
Affirmed.

. With respect to HJ.J.’s theory of implied assumption of liability advanced on appeal, we note from the record that this claim was not pled or raised below, hence, H.J.J. is precluded from raising it for the first time on appeal. See United Bank of Pinellas v. Farmers Bank of Malone, 511 So.2d 1078, 1080 (Fla. 1st DCA 1987); Somatra Lines, Ltd. v. Rayne Int’l, Inc., 419 So.2d 803, 804 (Fla. 3 DCA 1982).