738 So.2d 515 (1999)
H.J.J., INC., a Florida corporation, Appellant,
v.
PARTY PRODUCTIONS, II, INC. and Fred D. Productions, Inc., a Florida corporation, Appellee.
No. 98-3297.
District Court of Appeal of Florida, Third District.
August 18, 1999.
Metsch & Metsch, and Lawrence R. Metsch, Miami, for appellant.
Richman Greer Weil Brumbaugh Mirabito & Christensen, and Gerald F. Richman, and Mark A. Romance, Miami, for appellees.
Before GERSTEN, GODERICH, and FLETCHER, JJ.
PER CURIAM.
H.J.J., Inc. ("HJJ"), the plaintiff below, appeals an order granting attorneys' fees to the appellees, Party Productions II, Inc. ("PPII") and Fred D. Productions, Inc. *516 ("FDP"). Because HJJ's suit involved justiciable issues of law or fact, we reverse.
HJJ obtained a judgment against PPII in a breach of contract action. Two months later, and before the judgment had been satisfied, PPII was involuntarily dissolved. The two sole stockholders and officers of PPII were then hired by their father to operate a new business, FDP.
FDP occupied the same premises that PPII previously occupied and engaged in business activities similar to those previously engaged in by PPII. FDP also acquired many of PPII's former assets and liabilities.
In an effort to execute the unsatisfied judgment, HJJ sued both PPII and FDP claiming that PPII fraudulently transferred its assets to FDP in order to avoid paying its debt and that FDP is ultimately responsible for PPII's debt to HJJ. HJJ subsequently dismissed PPII from the suit and FDP prevailed on its motion for summary judgment. See H.J.J., Inc. v. Party Productions II, Inc., 712 So.2d 441 (Fla. 3d DCA 1998). Shortly thereafter, PPII and FDP filed a joint motion for attorneys' fees pursuant to Section 57.105(1), Florida Statutes (1997). Their motion was granted and this appeal followed.
Section 57.105(1) provides, in pertinent part:
The court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint ... of the losing party; ...
The determination as to whether a complaint is completely lacking in justiciable issues of law or fact is made at the time the complaint is initially filed. See Schwartz v. W-K Partners, 530 So.2d 456 (Fla. 5th DCA 1988). If the complaint passes muster at that point, Section 57.105(1) sanctions are inappropriate regardless of subsequent developments. See Schwartz v. W-K Partners, 530 So.2d at 457; Klein v. Layne, Inc. of Florida, 453 So.2d 203 (Fla. 4th DCA 1984); Sepner v. Village of Royal Palm Beach, 444 So.2d 68 (Fla. 4th DCA 1984).
Here, HJJ's complaint involved justiciable issues of law or fact at its inception. The record indicates a clear connection between PPII and FDP, including a substantial transfer of assets, warranting the initiation of suit and discovery. Although discovery subsequently revealed that PPII and FDP were entitled to a judgment as a matter of law, it cannot be said that HJJ's complaint was completely lacking in justiciable issues of law or fact at the time it was filed. See § 57.105(1), Fla. Stat. (1997). Accordingly, the trial court's award of attorneys' fees to PPII and FDP is reversed.
Reversed.