KLEIN, J.
Appellant insurer, after paying UM benefits to its insured, was subrogated to its insured’s claims against two tortfeasors. Insurer sued the two tortfeasors, but after it was unable to locate one of them, whose testimony was necessary to prove liability against the other, voluntarily dismissed the case. The trial court then awarded attorney’s fees to one of the tortfeasors, under section 57.105, Florida Statutes (1997), concluding there was no justiciable issue of law or fact raised by the complaint. We reverse.
Insurer’s insured, Arthur Littman, was injured when he was struck by a car driven by Smith and owned by Barker. Smith gave a statement that the reason she crossed into Littman’s lane and struck him was because she was cut off by another vehicle driven by Joseph P. Daly and owned by his father. The accident report contained that same information.
After settling Littman’s UM claim, the insurer, exercising its subrogation rights, sued Smith, Barker, and the Dalys. Unable to locate Smith and Barker, the insurer served them through the Secretary of State and obtained default judgments against them. Smith was the only witness who could testify that her collision with the insured was caused by Daly cutting her off, and without Smith the insurer’s case against Daly evaporated. In response to Daly’s motion for summary judgment, the insurer filed a voluntary dismissal because it had been unable to find Smith.
The Dalys then moved for attorney’s fees under section 57.105, which authorizes the court to award fees if there is “a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party ...” The trial court awarded fees, stating:
The Court finds that NCIC’s reliance solely on the information contained in the inadmissible police report was not enough to raise a justiciable issue of law or fact on which to base its Complaint against the Dalys.
Under the 1995 version of section 57.105, applicable here, attorney’s fees could only be awarded if there was a lack of justicia-ble issues when the complaint was initially filed. This sanction could not be imposed where the law suit is not frivolous when filed, but becomes frivolous later. H.J.J., Inc. v. Party Prods. II, Inc., 738 So.2d 515 (Fla. 3d DCA 1999); see also Rojas v. Drake, 569 So.2d 859 (Fla. 2d DCA 1990)(the nature of the multi-vehicle accident made it difficult for the plaintiff to determine who was at fault prior to filing suit, and section 57.105 fees should not have been awarded following a summary judgment for one of the defendants).
In the present case the trial court erred in concluding that there were no justiciable issues because the accident report would not have been admissible in evidence. It was not the accident report, but rather the testimony of Smith, which would have been the basis for the case against the Dalys, and there is no evidence in this record to show that the insurer knew that it would never be able to locate Smith when it filed suit.
*650 We noted that it was the 1995 version of section 57.105 which is applicable to these facts, because the statute was amended in 1999, to provide in subsection (1):
Upon the court’s initiative or motion of any party, the court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing-party or the losing party’s attorney knew or should have known that a claim or defense when initially presented, to the court or at any time before trial:
(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those materials, (emphasis added).
Even under the new version, which does not limit evaluating whether there are jus-ticiable issues to the time when suit is filed, the insurer would not have been subject to sanctions in this case, since it voluntarily dismissed the action when push came to shove.
Reversed.
SHAHOOD and GROSS, JJ., concur.