KELLY, Judge.
Software Techniques, Inc., (STI), a foreign corporation with its principal place of business in Orange County, Florida, appeals from the trial court’s order denying its motion to dismiss or, in the alternative, to transfer venue from Pinellas County to Orange County. We agree with STI that venue is proper in Orange County where the failure of performance of the employment contract occurred, and therefore, we reverse.
Appellee Christoper Kent is a former employee of STI who resides in Pinellas County. Kent sued STI seeking unpaid commissions he alleges were owed to him pursuant to a written employment agreement. STI has no representative in Pinel-las County, and the litigation does not involve property located there; thus, it is a proper venue only if that is where Kent’s cause of action accrued. See § 47.051, Fla. Stat. (2006) (providing that in an action against a foreign corporation venue is proper where the corporation has a representative, where the cause of action accrued, or where the property in litigation is located). Kent claims that the cause of action accrued in Pinellas County because that is where he received his paychecks via direct deposit into his bank account. STI, citing Precision Software, Inc. v. Gauthier, 605 So.2d 592 (Fla. 2d DCA 1992), argues that the cause of action accrued in Orange County where it has refused to issue further payment to Kent. We agree with STI that Precision is controlling and requires reversal.
In Precision, we held that for venue purposes, an action seeking severance payments due pursuant to an employment agreement should be treated as an action *348 for breach of contract. Id. at 594. Thus, venue was proper where the breach occurred. Because the contract involved performance, the breach occurred where the failure of performance occurred. Id. In determining where the failure of performance occurred, we stated that “if Precision has indeed failed to perform in this instance, it has done so by refusing to issue further payment to Gauthier from its place of business in Pinellas County.” Id.
Similarly, in this case, if STI has failed to perform, it has done so by failing to issue commission payments to Kent from its office in Orange County. Accordingly, we reverse and remand with instructions for the trial court to transfer the action to Orange County. See Fla. R. Civ. P. 1.060(b).
Reversed and remanded with instructions.
CANADY and LaROSE, JJ., Concur.