STEVENSON, J.
 

 The defendants below appeal the trial court’s denial of their motion to transfer venue from Palm Beach County to Bro-ward County. We reverse and remand because the defendants established the propriety of venue in Broward County alone.
 

 Daniel Van Dyk, a Palm Beach County resident, marketed and sold hurricane shutters for Safe Hurricane Shutters, Inc., a Florida corporation with its principal place of business in Broward County. In return, Van Dyk would receive commission payments from Safe Hurricane. In 2008, Van Dyk filed a complaint in Palm Beach County circuit court, alleging that Safe Hurricane failed to make commission payments he had earned. In addition to Safe Hurricane, the complaint named as defendants two principals of the corporation: Edward Leiva, a Broward County resident, and Francis McCarroll, a non-resident of Florida.
 

 The determination of venue in Florida is relatively straightforward — actions shall be brought only in the county where the cause of action accrued, where the property in litigation is located, where the defendant resides, or, in the case of a domestic corporation, in the county where such corporation has, or usually keeps, an office for the transaction of its customary business. §§ 47.011, 47.051, Fla. Stat. (2008).
 
 [1]
 
 In the instant case, there is no property in litigation, and the defendants either reside or keep an office for the transaction of customary business in Bro-ward County. In order to place venue in Palm Beach County, Van Dyk relied on the debtor-creditor venue rule, which provides that where payment of a debt is the performance called for by a contract, the residence of the payee is presumed to be the place of the required performance and thus where the cause of action accrues.
 
 James A. Knowles, Inc. v. Imperial Lumber Co.,
 
 238 So.2d 487, 487 (Fla. 2d DCA 1970).
 

 A debtor can overcome the presumption that payment was to be made at the payee’s place of residence with sufficient evidence establishing a contrary course of conduct between the parties.
 
 Pinch-A-Penny, Inc. v. Mudd,
 
 464 So.2d 719, 720 (Fla. 2d DCA 1985). In the instant case, the defendants filed a motion to transfer venue to Broward County accompanied by an affidavit in which defendant Leiva swore that since April 12, 2006, when Van Dyk entered into his contract of employment with Safe Hurricane, he had picked up all of his checks, including payroll, at Safe Hurricane’s headquarters in
 
 *1258
 
 Broward County. Van Dyk presented no contrary affidavits or record evidence. Pursuant to
 
 Pinch-A-Penny,
 
 we find the cause of action accrued in Broward County-
 

 Additionally, the debtor-creditor venue rule is inapplicable when the cause of action arises, as here, in an employment context.
 
 See Precision Software, Inc. v. Gauthier,
 
 605 So.2d 592, 593-94 (Fla. 2d DCA 1992) (explaining that the severance provision in Gauthier’s contract was a condition of his employment with Precision, rendering his cause of action one for breach of contract, not suit on a debt). We find Precision
 
 Software
 
 could also place venue in Broward County.
 

 Based on Leiva’s undisputed affidavit, venue lies in Broward County alone, so we reverse and remand.
 

 Reversed and remanded.
 

 WARNER and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . Notably, our supreme court has instructed that non-resident defendants, like McCarroll, are removed from the scope of section 47.011, Florida Statutes, and courts should apply that section to the resident defendants in order to make proper venue determinations.
 
 See Kauffman v. King,
 
 89 So.2d 24, 26 (Fla.1956).