VAN NORTWICK, J.
 

 Amie and James Hunt, Kathleen Bau-cum, and Glenda Baker seek review of a final summary judgment entered in favor of appellee Corrections Corporation of America (CCA) in their consolidated actions seeking to recover damages from CCA, their employer, under the intentional tort and unrelated workers exceptions to workers’ compensation immunity. Because neither exception applies here, we affirm.
 

 Amie Hunt, Kathleen Baucum, and Glenda Baker were employed by CCA as nurses for the Bay County Jail. While these nurses were on duty, inmates escaped from their cells and held the women hostage. Hunt was shot by police during the recapture of the inmates. These women filed suit against CCA, Bay County and the Bay County Sheriffs Office. Each of the three complaints alleged the same facts, and each sought damages for negligence on the part of the defendants. Each complaint provided:
 

 10. The Defendants owed a duty to Plaintiff to maintain, keep and operate the Bay County Jail in a reasonable fashion including the maintenance of the electrical system and the lock system.
 

 11. Defendants, CCA, BAY COUNTY SHERIFF OFFICE and BAY COUNTY, in breach of its afore described duty negligently committed the following acts of commission or omission:
 

 a. Failed to maintain the electrical system which would allow for electrical interference with the lock system of the jail.
 

 b. Failed to properly maintain the locks on the cell blocks, which in turn created an unreasonable risk and clearly
 
 *175
 
 foreseeable risk of harm to those people who worked and or visited at the jail,
 

 c. Failed to warn Plaintiff [name of plaintiff] of the danger presented at the Bay County Jail in that the Defendants were not properly maintaining the electrical system and the locks.
 

 12. The dangerous conditions were known to each of the Defendants separately and severally or existed for a sufficient length of time so that each Defendant should have known about the breaches in the security and had ample opportunity to either correct the conditions or provide adequate and sufficient warnings about the unreasonable risks and dangers.
 

 13. As a legal result of the Defendants combined and concurring negligence, Plaintiff, [name of plaintiff] suffered bodily injury....
 
 [1]
 

 CCA defended each complaint by claiming that, since the appellants were statutory employees, the appellants could not proceed against it in tort. Instead, CCA asserted that appellants’ exclusive remedy lay in the state workers’ compensation law. CCA added that the appellants had not demonstrated that any of the exceptions to an employer’s immunity pursuant to chapter 440, Florida Statutes, applied.
 

 The separate proceedings were consolidated and, thereafter, CCA moved for summary judgment. Following a hearing, final summary judgment was granted as to CCA. In granting summary judgment, the trial court rejected appellants’ argument that the intentional tort exception to employer immunity, section 440.11(l)(b), Florida Statutes, was applicable in the instant case. The trial court also rejected the appellants’ assertion that the “unrelated works” exception applied so as to remove the immunity from tort liability enjoyed by statutory employers.
 

 On appeal, appellants argue that the trial court erred in finding that the intentional tort and the unrelated works exceptions were inapplicable. We disagree. Section 440.09(1), Florida Statutes (2004), provides that “[t]he employer shall pay compensation or furnish benefits ... if the employee suffers an accidental injury or death arising out of work performed in the course and the scope of employment.” Section 440.10 sets forth the employer’s liability for compensation, and section 440.11(1) provides that this liability is “exclusive and in place of all other liability” as to third-party tortfeasors and employees, save for certain legislatively created exceptions.
 

 Section 440.11(l)(b), sets forth the so-called intentional tort exception to workers’ compensation immunity:
 

 (1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability, including vicarious liability, of such employer or any third-party tortfeasor and to the employee ... except as follows: ...
 

 (b) When an employer commits an intentional tort that causes injury or death to the employee. For purposes of this paragraph, an employer’s actions shall be deemed to constitute an intentional tort and not an accident only when the employee proves, by clear and convincing evidence, that:
 

 
 *176
 
 1. The employer deliberately intended to injure the employee; or
 

 2. The employer engaged in conduct that the employer knew, based on pri- or similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.
 

 (Bold typeface added as emphasis).
 

 As is evident from the allegations in the complaint quoted above, appellants’ stated cause of action was based solely on negligence and not on an intentional tort. Moreover, in none of the complaints was there any allegation that CCA, as employer, knew based on a prior accident or an explicit warning that inmates would break free from their cells to abduct the nurses; nor has there been any suggestion that CCA “deliberately intended to injure” appellants. Thus, the intentional tort exception to employer immunity plainly does not apply here.
 

 As for the so-called “unrelated works” exception, it likewise does not apply here. The “unrelated works” exception is unique to Florida.
 
 Vause v. Bay Med. Ctr.,
 
 687 So.2d 258, 262 n. 2 (Fla. 1st DCA 1996). The Florida Supreme Court has explained the exception, as follows:
 

 The immunity afforded to the employer under section 440.11(1) also extends to “each employee of the employer when such employee is acting in furtherance of the employer’s business.” However, this coemployee immunity does not apply
 

 to an employee who acts, with respect to a fellow employee, with willful and wanton disregard or unprovoked physical aggression or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death, ... [or] to employees of the same employer when each is operating in the furtherance of the employer’s business but they are assigned primarily to unrelated works within private or public employment.
 

 Aravena v. Miami-Dade County,
 
 928 So.2d 1163, 1167 (Fla.2006)(italics removed) (quoting § 440.11(1), Fla. Stat. (2001)). Thus, under the text of the statute, if one of these exceptions applies, the injured employee can seek remuneration from a co-employee despite the fact that the injury arose out of the scope of employment.
 
 Id.
 
 at 1167-68. When the employer is a governmental entity, the co-employee tortfeasor is immune from personal liability for torts under section 768.28(9)(a), Florida Statutes, which requires that any civil action for an employee’s negligence be maintained against the governmental entity. “Under this provision, any negligence claim arising under the unrelated works exception against a public employee must be brought against the governmental entity employer.”
 
 Aravena,
 
 928 So.2d at 1168. In the case of a private employer, if the “unrelated works” exception is found to apply, the employee can make common law tort claims against the employer directly based upon the doctrine of
 
 respondeat superior
 
 if the tortfeasor-employee is acting within the scope of employment.
 
 Holmes County School Bd. v. Duffell,
 
 651 So.2d 1176, 1179 (Fla.1995) (Anstead, J., concurring).
 

 In support of their argument that the “unrelated works” exception is applicable,
 
 *177
 
 appellants direct our attention to the conduct of James Clayton Hall, a jail employee who was on duty at the time of the hostage-taking. According to appellants, Hall did not comply with CCA procedures while on duty in that he allegedly let more than one inmate out of a cell at a time and left doors unlocked. However, there is no reference to Hall in the appellants’ complaint; and there was no attempt to amend the complaints below. The complaints, as noted, allege only that CCA negligently failed to maintain locks in good working order, and appellants have never attributed such alleged negligence to Hall. Without concluding whether appellants would otherwise be able to assert the “unrelated works” exception, the pleadings preclude application of this exception in the case at bar.
 
 See United Bank of Pinellas v. Farmers Bank of Malone,
 
 511 So.2d 1078, 1080 (Fla. 1st DCA 1987)(holding a party is bound by the allegations of the pleading it framed).
 

 Further, in each of its answers to the respective complaints, CCA raised the affirmative defense of immunity as a statutory employer. As explained in
 
 Aravena,
 
 the “unrelated works” exception to an immunity defense “is an avoidance that must be plead and proved by the plaintiff.”
 
 Aravena,
 
 928 So.2d at 1168 n. 1. Pursuant to rule 1.100(a), Florida Rules of Civil Procedure, “[i]f an answer ... contains an affirmative defense and the opposing party seeks to avoid it, the opposing party shall file a reply containing the avoidance.” Pursuant to rule 1.140, a reply, when required, is to be filed within 20 days after service of the answer. Here, there was no mention of the “unrelated works” exception until appellants’ joint memorandum in opposition to summary judgment filed approximately two years after CCA’s answer raising the affirmative defense of employer immunity.
 

 AFFIRMED.
 

 LEWIS, and ROWE, JJ., concur.
 

 [1]
 

 . Amie Hunt filed a joint complaint with her husband James Hunt. Their joint complaint includes the allegations as quoted above in count 1. In addition, their joint complaint contains a second count by which James Hunt sought damages for loss of services and consortium with his wife as a result of the injuries she sustained. This claim is premised on the cause of action articulated in count 1 of their complaint.