FISHMAN, JANE D., Associate Judge.
 

 Defendant-Appellant Vrchota Corporation appeals a non-final order denying its Motion to Dismiss or Transfer Venue
 
 [1]
 
 We affirm, based upon section 607.1520, Florida Statutes.
 

 Plaintiff, as personal representative, brought this negligence action against Vrchota Corporation, a Delaware corporation, and its alleged President, Giacobba, arising out of an automobile accident in 2008, which resulted in the death of Michael Kelly. The accident occurred in Collier County. Plaintiff placed venue in Palm Beach County pursuant to section 47.051, Florida Statutes, which governs venue in actions against foreign corporations, alleging that Defendant Vrchota Corporation is a foreign corporation and
 
 *321
 
 has a registered agent in Palm Beach County.
 

 A plaintiff has the option of selecting venue, provided that the plaintiffs choice is supported by the statutes.
 
 Pier Point Developers, LLC v. Whitelaw,
 
 912 So.2d 18, 19 (Fla. 4th DCA 2005). A complaint is sufficient to allege venue, unless a defendant, by affidavit, challenges venue. Then, the burden shifts to the plaintiff to establish the propriety of the venue selected. In the instant case, Defendant Vrehota Corporation submitted an affidavit challenging the Plaintiffs choice of venue, alleging that the corporation was not amenable to suit in Palm Beach County because it did not have an agent in the county at the time that service was allegedly made.
 

 The facts alleged are that Plaintiff filed suit in Palm Beach County on June 12, 2009 and effected service upon Kevin Piller as registered agent on June 19, 2009. Defendant averred in its affidavit that Vreho-ta Corporation “withdrew” from doing business in the State of Florida and revoked its’ registered agent’s authority to accept service, all pursuant to section 607.1520, Florida Statutes, on June 8, 2009, several days prior to the commencement of this litigation. Defendant asserted that as of June 8, 2009, Defendant Vrehota Corporation did not have an office, agent or representative in Palm Beach County. Therefore, defendant argued, service could not be made on the registered agent and venue could not lie in Palm Beach County.
 

 The standard of review for this order denying the motion to transfer venue is whether the trial court’s factual determinations are supported by substantial, competent evidence or are clearly erroneous. The trial court’s legal conclusions are reviewed
 
 de novo. PricewaterhouseCoopers LLP v. Cedar Res., Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999).
 

 There is no dispute as to the relevant fact that service was made upon the alleged registered agent at the Palm Beach County address provided by the defendant foreign corporation for service of process. The only dispute is whether, as a matter of law, the registered agent’s authority had been revoked at the time of service because the defendant foreign corporation had “withdrawn” from doing business in Florida pursuant to section 607.1520, Florida Statutes. We hold that the registered agent’s authority was not revoked prior to the date of service upon him, because no evidence was adduced below that a certificate of withdrawal had issued permitting Defendant Vrehota Corporation to withdraw from transacting business in the state of Florida at that time.
 

 Section 607.1520(1) provides that a foreign corporation authorized to transact business in Florida, such as Defendant Vrehota Corporation here, “may not withdraw from this state until it obtains a certificate of withdrawal from the Department of State.” Section 607.1520(2) permits a foreign corporation to “apply for a certificate of withdrawal by delivering an application to the Department of State ... on forms prescribed and furnished by the Department.” The application “shall” set forth, among other requirements, “[tjhat it revokes the authority of its registered agent to accept service on its behalf and appoints the Department of State as its agent for service of process based on a cause arising during the time it was authorized to transact business in this state.” § 607.1520(2)(c).
 

 Clearly, then, by the terms of the statute, any application for a certificate of withdrawal requires that the application set forth the intent to revoke the authority
 
 *322
 
 of the registered agent to accept service of process. However, the statute must be read in its entirety to determine when that revocation takes effect. Defendant Vrcho-ta Corporation assumes that the revocation takes effect when written and submitted as part of the application for the certificate of withdrawal. However, a reading of the plain language of the statute establishes that is not the case. In interpreting any statute, the court’s purpose is to give effect to the intent of the legislature. To do that, the court must look first and foremost to the actual language of the statute,
 
 Gomez v. Village of Pinecrest,
 
 41 So.3d 180, 185 (Fla.2010);
 
 Joshua v. City of Gainesville,
 
 768 So.2d 432, 435 (Fla.2000), and the statute must be interpreted so as to give effect to every clause in it.
 
 Larimore v. State,
 
 2 So.3d 101, 106 (Fla.2008).
 

 As noted above, paragraph (1) of the statute establishes that a foreign corporation may not withdraw until it obtains a certificate of withdrawal. Further, paragraph (3) provides that “[ajfter the withdrawal of the corporation is effective, service of process on the Department of State under this section is service on the foreign corporation.” Therefore, while the statute requires the written intent to revoke the registered agent’s authority as part of the application for a certificate of withdrawal, the statute also plainly states that withdrawal is not effective until the certificate of withdrawal is issued by the Department of State. Only then will the Department become the agent for service of process. Thus, the registered agent remains authorized to accept service of process, just as the corporation remains authorized to do business in the state, unless and until the Department of State issues a certificate of withdrawal.
 

 Indeed, any other conclusion about what the plain words of the statute mean would lead to the incongruous conclusion that there could be no service made upon a corporation during the entire period from the date upon which the corporation files its application to withdraw (with its accompanying required revocation of the registered agent’s authority) until the issuance of the certificate of withdrawal by the Department of State, regardless of how long that may take.
 
 [2]
 
 The legislature is not presumed to enact statutes that provide for absurd results. If some of the words of the statute, when viewed as one part of the whole statute or statutory scheme, would lead to an unreasonable conclusion or a manifest incongruity, then the words need not be given a literal interpretation.
 
 Joshua,
 
 768 So.2d at 435;
 
 Larimore,
 
 2 So.3d at 106. To the contrary, every part of a statute must be given effect and harmonized with the rest of the statute, and with the clear intent of the legislature.
 

 Here it is clear that the legislature intended that no foreign corporation be permitted to withdraw from doing business in the state until the Department of State issues a certificate of withdrawal. That being the case, until such time as a certificate of withdrawal properly issues pursuant to section 607.1520, Florida Statutes, the foreign corporation remains subject to process through its registered agent and venue may properly lie in the county where the corporation has its registered agent. Therefore, we find that the order of the trial court denying the Motion to Dismiss or Transfer Venue was sup
 
 *323
 
 ported by competent substantial evidence and it is Affirmed.
 

 Affirmed.
 

 GROSS, C.J., and WARNER, J., concur.
 

 [1]
 

 . Defendant also moved to quash service upon the registered agent, which motion was also denied. However, in this Court, Defendant appeals only the order denying the motion to dismiss or transfer venue.
 

 [2]
 

 . There is no evidence in tíre record as to whether or not Defendant Vrchota Corporation has ever obtained a certificate of withdrawal, only that it was applied for prior to die service of process on the registered agent, a fact raised to the court below at the October 28, 2009 hearing on the motions.