LEVINE, J.
The issue presented is whether the trial court erred in denying appellant’s motion to transfer due to improper venue. We find that the trial court should have granted appellant’s motion to transfer for improper venue, and we reverse.
In the present case, appellee filed a single-count complaint for breach of contract, alleging that appellant failed to pay appellee for wages and compensation due and owing to appellee. Appellee alleged that he had an employment agreement with appellant. Appellee worked out of his home, which was located in Broward County; he did not perform any services in Palm Beach County. When appellant refused to pay his wages, appellee filed a complaint for breach of contract in Bro-ward County.
Appellant disputed the propriety of Bro-ward County as a venue. Appellant contends there was no employment contract and that appellant maintains an office only in Palm Beach County. Appellant submitted an affidavit which also stated that ap-pellee was allowed to work out of his home for appellee’s convenience alone. Appellant further stated that it conducted business only in Palm Beach County and that it never sent any correspondence to appel-lee in Broward County. The trial court denied appellant’s motion to dismiss or transfer venue. This appeal ensues.
The standard of review for the denial of a motion to transfer venue “is whether the trial court’s factual determinations are supported by substantial, competent evidence or are clearly erroneous. The trial court’s legal conclusions are reviewed de novo.” Vrchota Corp. v. Kelly, 42 So.3d 319, 321 (Fla. 4th DCA 2010). “A complaint is sufficient to allege venue, unless a defendant, by affidavit, challenges venue. Then, the burden shifts to the plaintiff to establish the propriety of the venue selected.” Id. In this case, appellant challenged appellee’s selection of Bro-ward County as the proper venue by filing an affidavit and shifting the burden back to appellee as to whether the venue was proper.
Section 47.051, Florida Statutes, provides that “[ajctions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located.” Here, there is no property in litigation, and appellant’s office is located in Palm Beach County. The only remaining reason venue could be established in Broward County is if the cause of action accrued in Broward County-
Appellant contends that the cause of action in this case accrued in Palm Beach County. Significantly, appellant points out that the failure to send payment to appellee took place in Palm Beach County. Palm Beach County is where appellant has its office, and where it generates payment to appellee for all work performed.
In Precision Software, Inc. v. Gauthier, 605 So.2d 592 (Fla. 2d DCA 1992), a for *1009 mer employee filed a breach of an employment contract complaint in Hillsborough County, claiming monies owed for severance. The employee claimed that venue was proper in Hillsborough County because a debtor-creditor relationship existed between him and the employer, and in a debtor-creditor arrangement, venue is proper where the creditor resides. The employer argued that an employer-employee relationship is not a debtor-creditor relationship because the cause of action was for breach of contract, not a suit on a debt. The Second District determined that “[a] cause of action for breach of contract is said to have accrued in the county where the breach occurred. A breach is said to have occurred where failure of performance occurred.” Id. at 594 (citations omitted). In an employment contract dispute, the failure of performance occurs where the employer fails to issue payment of the employee’s salary. Id.
Similarly, in McCarroll v. Van Dyk, 8 So.3d 1256 (Fla. 4th DCA 2009), an employee who lived in Palm Beach County filed a complaint in Palm Beach County against a corporation, with its principal place of business in Broward County, for failure to pay the employee commission payments. The employee attempted to justify venue in Palm Beach County, by reliance on the “debtor-creditor venue rule, which provides that where payment of a debt is the performance called for by a contract, the residence of the payee is presumed to be the place of the required performance and thus where the cause of action accrues.” Id. at 1257. This court concluded that the employee “presented no contrary affidavits or record evidence” to dispute the employer’s sworn statements that the employee collected his salary in Broward County, making that county the place of required performance. Id. at 1258. Significantly, this court, relying on Gauthier, also concluded that “the debtor-creditor venue rule” was “inapplicable” since the cause of action arose “in an employment context.” Id.
Thus, under both McCarroll and Gauthier, the cause of action accrued in Palm Beach County, as appellant allegedly failed to issue payment for appellee’s services in that jurisdiction.[1] Broward County is an improper venue for this action. Venue properly lies in Palm Beach County, so we reverse and remand with instructions for the trial court to transfer this action to the Fifteenth Judicial Circuit in and for Palm Beach County.

Reversed and remanded.

DAMOORGIAN and CIKLIN, JJ., concur.

. Alternatively, appellee claims that the cause of action accrues where the payment for services under an employment contract was to be received, i.e., the employee’s residence. See Sagaz Indus., Inc. v. Martin, 706 So.2d 374 (Fla. 5th DCA 1998). However, the place of payment venue rule would be inapplicable where the damages sought, like in the present case, are “unliquidated and subject to proof.” Dep’t of Transp. v. Cone & Graham, Inc., 884 So.2d 224, 227 (Fla. 2d DCA 2004) (citation omitted). Damages are unliquidated when the complaint alleges only general damages without demanding a specific amount. Watson v. Internet Billing Co., 882 So.2d 533, 534 (Fla. 4th DCA 2004). Martin involved a former employee’s suit for a sum certain; this case does not.