Per Curiam.
Carl Powers Jr. appeals a Martin County Circuit Court order transferring his pending lawsuit to Palm Beach County Circuit Court for improper venue. This court has jurisdiction to review the non-final order. See Fla. R. App. P. 9.130(a)(3)(A). We conclude that the trial court erred in transferring venue in that a contractual venue clause authorized the filing of the lawsuit in any Florida state or federal court and provided that the parties expressly waived venue objections. Therefore, we reverse and remand for further proceedings.
Appellant, Carl Powers Jr., and appel-lee, John Melick, were equal owners of a Florida limited liability company known as Deeazbros, LLC (the “LLC”). They entered into an operating agreement, which included Article 13.20, governing resolution of disputes. In subsection (a), the parties agreed:
This Agreement is to be construed and governed by the laws of the State of Florida (without giving effect to principles of conflicts of laws). Each party *123 hereto irrevocably agrees that any legal action or proceeding arising out of or in connection with this Agreement may be brought in any state or federal court located in Florida (or in any court in which appeal from such courts may be taken), and each party agrees not to assert, by way of motion, as a defense, or otherwise, in any such action, suit or proceeding, any claim that it is not subject personally to the jurisdiction of such court, that the action, suit or proceeding is brought in an inconvenient forum, that the venue of the action, suit or proceeding is improper or that this Agreement or the subject matter hereof may not be enforced in or by such court, and hereby agrees not to challenge such jurisdiction or venue by reason of any offsets or counterclaims in any such action, suit or proceeding.
According to a complaint appellant filed against Melick in 2016, the LLC entered into a share purchase agreement with East Africa Data Holdings LTD (“East Africa”) whereby the LLC was to act as a consulting company and receive monies for consulting and promoting East Africa’s business. He alleged that the LLC would earn $12,500 a month for this consulting but that Melick diverted the money to himself instead. Appellant amended the complaint to include a count for dissolution and accounting of the LLC.
Appellant filed this lawsuit in the Martin County Circuit Court, alleging that the principal offices of the LLC were located in that county. He further alleged that pursuant to the LLC’s operating agreement, both parties agreed to submit to Florida eourts and waived any venue objections.
Melick moved to dismiss the complaint for improper venue or to transfer venue to the Palm Beach County Circuit Court, alleging that the lawsuit had no connection with Martin County, that appellant resided in West Palm Beach, and that he resided in Miami-Dade County. He argued that appellant’s claims accrued in Palm Beach County, where Melick already had filed a separate action for dissolution of the same LLC. He also alleged that the LLC’s principal office was located in Palm Beach County. In addition, Melick claimed that venue in Martin County was inconvenient to him and potential witnesses in the case and that appellant was forum shopping by his venue selection.
The trial court initially dismissed the case. It later vacated that order and transferred the case to the Palm Beach County Circuit Court. In a separate order on rehearing and for clarification, the trial court ruled that the language in Article 13.20 was unenforceable because it failed to specify in which particular Florida county venue would lie. It provided instead that any legal action “may be brought in any state or federal court located in Florida..."
In this order on rehearing and clarification, the trial court also ruled that venue was proper in Palm Beach County pursuant to sections 47.011 and 605.0703(1), Florida Statutes (2016), because appellant resided in Palm Beach County, the LLC’s principal office was located there, the cause of action accrued there, and Meliek’s action to dissolve the LLC was previously filed there.
The venue issue in this case turns on a legal issue of contract interpretation and application, and thus is subject to de novo review. Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999); see also I-Net Techs., Inc. v. Salazar, 82 So.3d 1007, 1008 (Fla. 4th DCA 2011).
In ruling that the venue clause in Article 13.20 was unenforceable, the trial *124 court cited Management Computer Controls, which involved a mandatory venue clause compelling suit to be filed only in Shelby County, Tennessee. By contrast, that court acknowledged that venue clauses in contracts that merely authorize the filing of suit in a particular forum are permissive and non-binding. The First District did not address a venue clause compar rabie to Article 13.20, which limited venue to Florida state or federal courts and where the parties expressly agreed to waive any venue challenges in Florida courts. Thus, Management Computer Controls does not support the trial court’s ruling.
This court recognized in Sander v. Rayman, 800 So.2d 355, 358 (Fla. 4th DCA 2001), that “Florida law recognizes the right of contracting parties to agree on the forum in which a dispute may be heard, as long as enforcing their selection would be reasonable and just.” (citing Manrique v. Fabbri, 493 So.2d 437, 440 (Fla. 1986)). Similarly, in Hughes Supply, Inc. v. Lupton, 487 So.2d 429, 430 (Fla. 5th DCA 1986), the Fifth District found Florida law “well settled that parties to a contractual agreement may provide for venue.” It added that “[a] contractual waiver of venue privileges encompasses the ground of convenience as well as other statutory grounds set out in Chapter 47.” Id.; see also Four Star Resorts Bahamas, Ltd. v. Allegro Resorts Mgmt. Servs., Ltd., 734 So.2d 576 (Fla. 3d DCA 1999).
We conclude that the trial court erred in overriding the parties’ express waiver of venue objections to lawsuits filed in Florida courts. It also erred insofar as it looked to the general provisions of section 47.011, Florida Statutes, on venue and section 605.0703(1), Florida Statutes, for dissolution of limited liability companies, particularly when this was not a dissolution proceeding.

Reversed and remanded for further proceedings.

Gross, May and Levine, JJ., concur.