STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0403

**DARRYL RAYBORN, SR.**

**VERSUS**

**CONTINENTAL CEMENT COMPANY, LLC and
ACE PROPERTY AND CASUALTY INSURANCE COMPANY**

Judgment Rendered: **OCT 1 9 2023**

* * * * * * *

On Appeal from the Office of Workers' Compensation, District 5
In and for the Parish of Ascension
State of Louisiana
No. 21-05520

Hon. Jason Ourso, Workers' Compensation Judge Presiding

* * * * * * *

Ted Williams                        Counsel for Plaintiff/Appellee,
Baton Rouge, Louisiana              Darryl Rayborn, Sr.


Eric J. Waltner                     Counsel for Defendants/Appellants,
Lafayette, Louisiana                Continental Cement Company, LLC
                                    and Ace Property and Casualty
                                    Insurance Company


* * * * * * *

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

This is an appeal from a judgment rendered in favor of Darryl Rayborn, Sr., a workers' compensation claimant, and against defendants, Continental Cement Company, LLC and Ace Property and Casualty Insurance Company (collectively, "Continental Cement"). After review, we remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Mr. Rayborn filed a 1008 disputed claim for compensation against Continental Cement on October 12, 2021, seeking indemnity and medical benefits, costs, and judicial interest. Mr. Rayborn also sought an award of penalties, attorney fees, and judicial interest due to Continental Cement's termination of his compensation benefits on June 29, 2021. *See* La. R.S. 23:1201(I). The matter proceeded to trial on December 12, 2022.

The workers' compensation court signed a written judgment on December 20, 2022, finding that Mr. Rayborn suffered an injury by accident to his left knee on or about November 14, 2018 in the course and scope of his employment with Continental Cement. The judgment additionally states, in pertinent part:

\* \* \*

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that claimant is entitled to, and the defendants, Continental Cement Company, LLC, and Ace Property and Casualty Insurance Company, shall pay temporary totally [sic] disability benefits from June 29, 2021 to the present, and continuing until further order of the Court at the maximum weekly compensation rate of Six Hundred Sixty Five and 00/100 ($665.00) Dollars based on a pre-injury average weekly wage of One Thousand One Hundred Forty and 09/100 ($1,140.09) Dollars;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that claimant, Darryl Rayborn, Sr., is entitled to and the defendants, Continental Cement Company, LLC, and Ace Property and Casualty Insurance Company, shall pay pursuant to the fee schedule all outstanding medical bills, and reimburse claimant all out of pocket medical expenses related to claimant's November 14, 2018 left knee injury subject to a credit for any medical bills previously paid by the defendant;

\* \* \*

Continental Cement appealed from this judgment.

2

## LACK OF DECRETAL LANGUAGE

A valid judgment must be precise, definite, and certain. A final, appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the language of the judgment without reference to other documents in the record. *Bond v. Louisiana Purchase Equestrian Estates, LLC*, 2019-0957 (La. App. 1st Cir. 2/21/20), 299 So.3d 120, 124; *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). The specific nature and amount of damages should be determinable from a judgment so that a third person is able to determine from a judgment the amount owed without reference to other documents. *Advanced Leveling*, 268 So.3d at 1046; *Hill International, Inc. v. JTS Realty Corp.*, 2021-0157 (La. App. 1st Cir. 12/30/21), 342 So.3d 322, 326.

The judgment at issue does not set forth the specific amount of past temporary total disability benefits owed to Mr. Rayborn or the specific amount of outstanding medical bills (to be paid pursuant to the fee schedule). The judgment does not state the specific amount of reimbursement owed to Mr. Rayborn for all out-of-pocket medical expenses related to his November 14, 2018 left knee injury, nor does it state the specific amount of the credit owed to the defendants for any medical bills previously paid by the defendants. Therefore, the judgment lacks decretal language. *See Batiste v. Minerals Technology, Inc.*, 2020-327 (La. App. 3d Cir. 5/5/21), 319 So.3d 396, 400-01, finding the workers' compensation court's judgment lacked decretal language, because it awarded the claimant "medical benefits" and "supplemental earnings benefits from April 21, 2017[,] to date[,]" without setting forth the amounts awarded.

3

Similarly, in *Gulfsouth Credit, LLC v. Conway*, 2022-0499 (La. App. 1st Cir. 11/4/22), 354 So.3d 731, the judgment awarded "all costs" and defined "costs" as "including but not limited to any money paid to a private process server to serve documents in the suit and court costs." The judgment did not specify the amount of costs for the proceeding, nor did it specify the costs of the private process server. Consequently, the precise amounts of the "costs" awarded in the judgment could not be determined from the judgment alone. This court concluded that the judgment lacked decretal language and remanded the case to the trial court for the limited purpose of instructing the trial court to sign an amended final judgment that is precise, definite, and certain and contains proper decretal language. *Gulfsouth Credit*, 354 So.3d at 734, *citing* La. C.C.P. arts. 1918(A), 1951· and 2088(A)(12) as amended by 2021 La. Acts 259, § 2 (eff. Aug. 1, 2021). Examining a substantially similar judgment, this court reached the same result in *East Baton Rouge Teachers Federal Credit Union v. Smith*, 2022-0497 (La. App. 1st Cir. 12/22/22), 367 So.3d 713, 716.

A lack of proper language in a judgment that is otherwise a final judgment does not divest the appellate court of jurisdiction. Instead, the final judgment shall be corrected to include proper decretal language by an amendment in accordance with La. C.C.P. art. 1951. *See* La. C.C.P. art. 1918, Comments –2021, Comment (a); *See Hill International*, 342 So.3d at 328 n.4. Therefore, we remand this matter to the workers' compensation court to correct the deficiency in the judgment.

**DECREE**

For the foregoing reasons, this matter is remanded to the workers' compensation court for the limited purpose of allowing the court to sign an amended final judgment that is precise, definite, and certain and contains proper decretal language in accordance with this opinion. See La. C.C.P. arts. 1918(A), 1951, and 2088(A)(12). It is further ordered that the record in this pending appeal shall be

4

supplemented with such amended final judgment no later than thirty days following the issuance of this opinion.

**REMANDED WITH INSTRUCTIONS.**